Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy                    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **MTPC, LLC** |
| 2. | All other names debtor used in the last 8 years <br> Include any assumed names, trade names and *doing business as* names | DBA  **Provision CARES Proton Therapy Nashville** <br> DBA  **Provision CARES Proton Therapy Center, Nashville** <br> DBA  **Scott Hamilton Proton Therapy Center** <br> DBA  **Scott Hamilton Proton Center** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-2775340** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **4588 Carothers Parkway** <br> **Franklin, TN 37067** <br> Number, Street, City, State & ZIP Code | _____ <br> P.O. Box, Number, Street, City, State & ZIP Code |
| **Williamson** <br> County | **Location of principal assets, if different from principal place of business** <br> _____ <br> Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)   **https://provisionhealthcare.com/locations-2/nashville/**

6. **Type of debtor**
   - ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

| Debtor | **MTPC, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the above

B. *Check all that apply*

☒ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__6214__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **SEE ATTACHED RIDER 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | | When | Case number, if known |

| Debtor | MTPC, LLC | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

**11. Why is the case filed in *this district*?**  *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

- ☐ No
- ☐ Yes.  Insurance agency _____
  Contact name _____
  Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**  *Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ■ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ■ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | MTPC, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/14/2020
MM / DD / YYYY

X _/s/ Mark Andrews_
Signature of authorized representative of debtor

Mark Andrews
Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

X /s/ David E. Lemke
Signature of attorney for debtor

Date 12/14/2020
MM / DD / YYYY

Daivd E. Lemke
Printed name

WALLER LANSDEN DORTCH & DAVIS, LLP
Firm name

511 Union Street, Suite 2700
Nashville, TN 37219
Number, Street, City, State & ZIP Code

Contact phone 615-244-6380   Email address David.Lemke@wallerlaw.com

013586 - Tennessee
Bar number and State

| Fill in this information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | MTPC, LLC | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF TENNESSEE | | |
| Case number (if known) | | Chapter | 11 |

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Middle District of Tennessee for relief under chapter 11 of the title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of The Proton Therapy Center, LLC

1. The Proton Therapy Center, LLC

2. PCPT HAMLIN, LLC

3. MTPC, LLC

# ACTION BY UNANIMOUS WRITTEN CONSENT
# OF THE BOARD OF DIRECTORS OF
# MTPC, LLC

The undersigned members of the Board of Directors (the "Board") of MTPC, LLC d/b/a Provision CARES Proton Therapy Nashville, a Tennessee limited liability company (the "Company"), in accordance with the provisions of Section 48-249-405(c) of the Tennessee Revised Limited Liability Company Act, as amended, consent to the following action taken without a meeting, this written consent to have the same effect as if the action was approved at a duly called meeting of the Board of the Company at which a quorum was present.

**WHEREAS**, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Code").

**NOW, THEREFORE**, pursuant to Tenn. Code Ann. §48-249-405, the undersigned Directors hereby (i) waive any required notice of a meeting, (ii) waive any necessity of holding a meeting, and (iii) approve of, consent to, and authorize in all respects the following action:

**RESOLVED**, that the Chairman, President or Chief Financial Officer (the "Officers") of the Company are hereby authorized, directed, and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Code ("Chapter 11") and to cause the same to be filed in the United States Bankruptcy Court for the Middle District of Tennessee in such form and at such time as the Officers executing said petition shall determine; and

**RESOLVED FURTHER**, that each of the Officers of the Company be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case; and

**RESOLVED FURTHER**, that the Officers, or any one of them be, and each hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to employ and retain the law firm of Foley & Lardner LLP ("Foley"), 2101 McKinney Avenue, Suite 1600, Dallas, Texas 75201 as counsel for the Company in the Chapter 11 case to represent and assist the Company in carrying out its duties under the Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Foley; and

**RESOLVED FURTHER**, that the Officers, or any one of them be, and each is hereby, authorized and directed to employ local counsel to represent and assist the Company in carrying out its duties under the Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and

directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of local counsel; and

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Trinity River Advisors, LLC ("Trinity River") as restructuring advisor to, and to appoint Mark Andrews as Chief Restructuring Officer of the Company effective as of November 3, 2020, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Trinity River and to appoint Mark Andrews as a Chief Restructuring Officer, effective as of November 3, 2020;

**RESOLVED FURTHER**, that the Officers, or any one of them be, and each is hereby, authorized and directed to employ a notice and claims agent to represent and assist the Company in carrying out its duties under the Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of a notice and claims agent; and

**RESOLVED FURTHER**, that all acts lawfully done or actions lawfully taken by any Officer of the Company or any of the Professionals to seek relief on behalf of the Company under Chapter 11 or in connection with such proceeding, or any matter related thereto, be and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and

**RESOLVED FURTHER**, that the Officers be, and each of them hereby is, authorized and empowered, with full power of delegations, for and in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Officers, each of the Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Officer's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

**RESOLVED FURTHER**, that the Board of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and

2

4842-6580-1406.4

Case 3:20-bk-05438    Doc 1    Filed 12/15/20    Entered 12/15/20 19:34:22    Desc Main
Document    Page 7 of 15

deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and

**RESOLVED FURTHER**, that each of the Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Officer shall deem necessary or desirable in such Officer's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

**IN WITNESS WHEREOF**, the undersigned Directors of the Company, by their execution hereof (which execution may be by original, photocopy, facsimile or electronically transmitted signature upon an original, photocopy, facsimile or electronically transmitted signature upon an original or copy hereof and which may be in two or more counterparts, all of which together, in any combination shall constitute an original, which original may be proved by any copy of this consent together with executed signature pages), consent to taking the action described above without a meeting and approve of taking the action described herein effective November 4, 2020.

**DIRECTORS:**

_____  
Terry Douglass

_____  
Robert Ratze

_____  
Scott Hamilton

_____  
Michael Crabtree

3

4842-6580-1406.4

as of November 3, 2020;

**RESOLVED FURTHER**, that the Officers, or any one of them be, and each is hereby, authorized and directed to employ a notice and claims agent to represent and assist the Company in carrying out its duties under the Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of a notice and claims agent; and

**RESOLVED FURTHER**, that all acts lawfully done or actions lawfully taken by any Officer of the Company or any of the Professionals to seek relief on behalf of the Company under Chapter 11 or in connection with such proceeding, or any matter related thereto, be and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and

**RESOLVED FURTHER**, that the Officers be, and each of them hereby is, authorized and empowered, with full power of delegations, for and in the name and on behalf of the Company to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Officers, each of the Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Officer's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

**RESOLVED FURTHER**, that the Board of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and

**RESOLVED FURTHER**, that each of the Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Officer shall deem necessary or desirable in such Officer's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

**IN WITNESS WHEREOF**, the undersigned Directors of the Company, by their execution hereof (which execution may be by original, photocopy, facsimile or electronically transmitted signature upon an original, photocopy, facsimile or electronically transmitted signature upon an original or copy hereof and which may be in two or more counterparts, all of which together, in any combination shall constitute an original, which original may be proved by any copy of this consent together with executed signature pages), consent to taking the action described above without a meeting and approve of taking the action described herein effective November 4, 2020.

**DIRECTORS:**

_____    _____
Terry Douglass              Scott Hamilton

deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and

**RESOLVED FURTHER**, that each of the Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Officer shall deem necessary or desirable in such Officer's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

**IN WITNESS WHEREOF**, the undersigned Directors of the Company, by their execution hereof (which execution may be by original, photocopy, facsimile or electronically transmitted signature upon an original, photocopy, facsimile or electronically transmitted signature upon an original or copy hereof and which may be in two or more counterparts, all of which together, in any combination shall constitute an original, which original may be proved by any copy of this consent together with executed signature pages), consent to taking the action described above without a meeting and approve of taking the action described herein effective November 4, 2020.

**DIRECTORS:**

_____
Terry Douglass

_____
Robert Ratze

_____
Scott Hamilton

*/s/ Michael C Crabtree*
Michael Crabtree

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **MTPC, LLC,** | § | **Case No. 20-[____] (___)** |
| | § | |
| Debtor. | § | |
| | § | |

# CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Provision Trust, Inc. | 48% |
| Provision CARES Foundation | 26% |
| Issachar Fund | 26% |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MTPC, LLC, | § | Case No. 20-[____] (___) |
| | § | |
| Debtor. | § | |
| | § | |

# LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| MTPC, LLC | Provision Trust, Inc. | 2095 Lakeside Centre Way Suite 101 Knoxville, TN 37922-6647 | 48.0% |
| MTPC, LLC | Provision CARES Foundation, Inc. | 2095 Lakeside Centre Way Suite 101 Knoxville, TN 37922-6647 | 26.0% |
| MTPC, LLC | Issachar Fund | 206 Grandville Avenue Grand Rapids, MI 49503 | 26.0% |
| TOTAL | | | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

4845-7220-1151.1

**Fill in this information to identify the case:**

Debtor name: MTPC, LLC

United States Bankruptcy Court for the: Middle District of Tennessee
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **RAYSEARCH AMERICAS, INC.** 350 5TH AVE SUITE 5000 NEW YORK, NY 10118 | ATTN: PETER THYSELL, CFO P: F: peter.thysell@raysearchlabs.com | Trade Payable | | | | $250,000.00 |
| 2 | **GRAY TELEVISION - WVLT/EVLT** 4370 PEACHTREE ROAD, NE ATLANTA, GA 30319 | ATTN: CHAD KENNEDY P: 404-266-8333 F: chad.kennedy@wvlt-tv.com | Trade Payable | | | | $77,250.00 |
| 3 | **BOSTON SCIENTIFIC CORPORATION** 300 BOSTON SCIENTIFIC WAY MARLBOROUGH, MA 01752-1234 | ATTN: BRIAN BRENNAN P: F: brennand@bsci.com | Trade Payable | | | | $40,550.00 |
| 4 | **SCRIPPS MEDIA, INC.** 312 WALNUT ST., SUITE 2800 CINCINNATI, OH 45202 | ATTN: CAROLYN MICHELI P: 513-977-3000 F: carolyn.micheli@scripps.com | Trade Payable | | | | $38,904.50 |
| 5 | **COMCAST HOLDINGS CORPORATION** COMCAST CENTER, 1701 JFK BOULEVARD PHILADELPHIA, PA 19103 | ATTN: BRIAN ROBERTS P: 215-286-1700 F: brian_roberts@comcast.com | Trade Payable | | | | $25,585.00 |
| 6 | **WSMV** P.O. BOX 905024 CHARLOTTE, NC 28290 | ATTN: LEGAL DEPARTMENT P: F: comments@wsmv.com | Trade Payable | | | | $19,868.75 |
| 7 | **ASTRO** 251 18TH STREET SOUTH, 8TH FLOOR ARLINGTON, VA 22202 | ATTN: LEGAL DEPARTMENT P: 703-502-1550 F: joanne.dicesare@astro.org; membership@astro.org | Trade Payable | | | | $14,000.00 |
| 8 | **GILDA'S CLUB MIDDLE TENNESSEE** 1707 DIVISION STREET NASHVILLE, TN 37203 | ATTN: HARRIET SCHIFTAN P: 615-329-1124 F: harriet@gildasclubmiddletn.org | Trade Payable | | | | $10,000.00 |

Debtor: MTPC, LLC    Case number (if known): _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | ANGIODYNAMICS, INC. 14 PLAZA DRIVE LATHAM, NY 12110 | ATTN: STEPHEN TROWBRIDGE & JAMES CLEMMER P: F: strowbridge@angiodynamics.com; jclemmer@angiodynamics.com | Trade Payable | | | | $6,862.24 |
| 10 | JAMES A OLIVER DBA DRAFT AGENCY 1060 WOLRD'S FAIR PARK DR, UNIT 5 KNOXVILLE, TN 37916 | ATTN: LEGAL DEPARTMENT P: 865-216-3208 F: info@thinkdraft.com | Trade Payable | | | | $5,000.00 |
| 11 | NASLUND MEDICAL INC. 150 NORTH MICHIGAN AVENUE, SUITE 1950 CHICAGO, IL 60601 | ATTN: CAMILLA MATTEBO P: 312-212-3470 F: 312-277-6688 camilla@goldanchormarker.com | Trade Payable | | | | $4,225.00 |
| 12 | LIFESTYLE PUBLICATIONS, LLC 514 W 26TH ST SUITE 1S KANSAS CITY, MO 64108 | ATTN: STEVEN SCHOWENGERDT & DELAND SHORE P: F: steven@lifestylepubs.com | Trade Payable | | | | $3,990.00 |
| 13 | CORPORATE CONTRACTING, LLC 2605 FESSEY PARK ROAD, SUITE A NASHVILLE, TN 37204 | ATTN: LEGAL DEPARTMENT P: 615-730-8184 F: 615-730-8332 jt@corpcontracting.com | Trade Payable | | | | $3,250.00 |
| 14 | HENRY SCHEIN 135 DURYEA ROAD MELVILLE, NY 11747 | ATTN: LEGAL DEPARTMENT P: 800-472-4346 F: svassa@henryschein.com; info@henryschein.com | Trade Payable | | | | $3,110.58 |
| 15 | LANDSCAPE SERVICES, INC. 204 RIVER HILLS DRIVE NASHVILLE, TN 37210 | ATTN: DOUG STACEY P: 615-391-3434 F: 615-391-0922 Dougstacey@lsipros.net | Trade Payable | | | | $2,750.00 |
| 16 | QFIX 440 CHURCH ROAD AVONDALE, PA 19311 | ATTN: DAN COPPENS P: 610-268-0585 F: 610-268-0588 dan.coppens@qfix.com | Trade Payable | | | | $2,474.03 |
| 17 | COLONIAL PENN LIFE 11825 N PENNSYLVANIA STREET CARMEL, IN 46032 | ATTN: CNO FINANCIAL CORPORATE-IR P: F: ir@CNOinc.com | Trade Payable | | | | $2,287.69 |
| 18 | U.T. M.D. ANDERSON CANCER CENTER 1515 HOLCOMBE BLVD HOUSTON, TX 77030 | ATTN: LEGAL DEPARTMENT P: 713-745-8999 F: 713-745-8999 | Trade Payable | | | | $2,000.00 |
| 19 | HEALTHSPRING MC HMO 900 COTTAGE GROVE ROAD BLOOMFIELD, CT 06002 | ATTN: ERIC PALMER P: F: epalmer@cigna.com | Trade Payable | | | | $1,771.12 |
| 20 | MEDTEC, INC. 1401 8TH STREET SE ORANGE CITY, IA 51041 | ATTN: BRAD HUMMEL P: 319-248-6757 F: 319-248-6660 bhummel@tractuscorp.com | Trade Payable | | | | $1,675.00 |

**Fill in this information to identify the case:**

Debtor name: **MTPC, LLC**

United States Bankruptcy Court for the: MIDDLE DISTRICT OF TENNESSEE

Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/14/2020      X  /s/ Mark Andrews
                               Signature of individual signing on behalf of debtor

                               **Mark Andrews**
                               Printed name

                               **Chief Restructuring Officer**
                               Position or relationship to debtor