## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| **MTPC, LLC,** | ) | **Case No. 20-05438 (RSM)** |
| *et al.*,[1] | ) |  |
|  | ) | **Judge Randal S. Mashburn** |
| **Debtors.** | ) |  |
|  | ) | **(Jointly Administered)** |

### SCHEDULES OF ASSETS AND LIABILITIES FOR
### MTPC, LLC (CASE NO. 20-05438)

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: MTPC, LLC (5340) ("MTPC"); The Proton Therapy Center, LLC (4209) ("PCPTK"); PCPT Hamlin, LLC (3848) ("PCPT Hamlin").  The Debtors' service address is: 1400 Dowell Springs Boulevard, Suite 350, Knoxville, TN 37909-2447.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **MTPC, LLC,** | ) | **Case No. 3:20-bk-05438 (RSM)** |
| | ) | |
| **THE PROTON THERAPY CENTER, LLC,** | ) | **Judge Randal S. Mashburn** |
| | ) | |
| **PCPT HAMLIN, LLC,** | ) | **(Jointly Administered)[1]** |
| | ) | |
| Debtors. | ) | |
| | ) | |

**GLOBAL NOTES, RESERVATION OF RIGHTS, AND STATEMENT
OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING
DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS**

MTPC, LLC and the other above-referenced debtors, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") with the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

These *Global Notes, Reservation of Rights, and Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Schedules of Assets Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, and are a supplement to and integral part of the Debtors' Schedules and SOFAs relating to PCPTK. The Global Notes are incorporated by reference into each of the Schedules and SOFAs relating to PCPTK, and should be reviewed in connection with any review of such related Schedules and SOFAs.

The Debtors' Schedules and SOFAs do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor. The Schedules and SOFAs contain unaudited information that is subject to further review and potential adjustment. The Schedules and SOFAs reflect the Debtors' reasonably best efforts to

---

[1] The jointly administered Debtors' respective case numbers in these Chapter 11 Cases include: MTPC, LLC ("MTPC"), Case Number 3:20-bk-05438; The Proton Therapy Center, LLC ("PCPTK"), Case Number 3:20-bk-0549; PCPT Hamlin, LLC ("PCPT Hamlin"), Case Number 3:20-bk-05440. The Debtors' service address is: 1400 Dowell Springs Boulevard, Suite 350, Knoxville, TN 37909-2447.

4817-5870-2040.4

report the assets and liabilities of the Debtors. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that the Debtors show more assets than liabilities, this is not an admission that the Debtors were solvent on December 15, 2020, the date the Debtors filed their petitions for relief under chapter 11 of the Bankruptcy Code (the "<u>Petition Date</u>"), or at any time prior to the Petition Date. Likewise, to the extent that the Debtors show more liabilities than assets, this is not an admission that the Debtors were insolvent at the Petition Date or any time prior to the Petition Date.

The Debtors experienced an information technology security incident on October 28, 2020. The Debtors are in the process of implementing extensive information technology security protocols and are working diligently with their security partners to restore their information technology operations as quickly as possible. This matter has resulted in temporary but continuing disruptions to certain aspects of clinical and financial operations. Each Debtor continues to utilize its established back-up processes including offline documentation methods. At this time, neither of the two operational Debtors (PCPTK and MTPC) has evidence that patient or employee data was accessed, copied or misused. Patient care continues to be delivered safely and effectively.

Robby Vincill has signed each set of the Schedules and SOFAs. Robby Vincill serves as the Chief Financial Officer of the Debtors, and he is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and SOFAs, Mr. Vincill has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Given the scale of the Debtors' business, the cyber incident noted above and the extensive number of patient treatments covered by the Schedules and SOFAs, Mr. Vincill has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors.

In preparing the Schedules and SOFAs, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and SOFAs, subsequent information or discovery may result in material changes to the Schedules and SOFAs. This point is emphasized as a result of the cyber incident noted above. As a result, inadvertent errors or omissions may exist.

Accordingly, the Debtors and their directors, officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and SOFAs and shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and SOFAs.

For the avoidance of doubt, the Debtors and their agents, attorneys, and financial advisors hereby reserve their rights to amend and supplement the Schedules and SOFAs as may be necessary or appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and SOFAs or to notify any third party

4817-5870-2040.4

should the information be updated, modified, revised, or re-categorized, except as required by applicable law.

In no event shall the Debtors or their directors, officers, agents, attorneys, financial advisors, and restructuring advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, officers, agents, attorneys, financial advisors, and restructuring advisors are advised of the possibility of such damages.

Nothing contained in the Schedules and SOFAs shall constitute a waiver of any of the Debtors' rights or an admission with respect to their Chapter 11 cases, including, without limitation, any issues involving equitable subordination, defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

## Reservation Of Rights

In particular, note that the listing of a claim or a contract with the Debtors does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to disclaim or dispute such claim or contract as attributable to the Debtors. The Debtors reserve the right to remove any contract or claim from the Schedules and SOFAs whether by amending the Schedules and SOFAs or in another appropriate filing. Additionally, the Debtors reserve the right to object to any listed claim on the grounds that, among other things, such claim has already been satisfied. The Debtors reserve the right to dispute or assert offsets or defenses to, any claim reflected on the Schedules as to amount, liability or classification and reserve the right to recharacterize, reclassify, recategorize, or redesignate any claim as "disputed," "contingent" and/or "unliquidated, whether by amending the Schedules and SOFAs or in another appropriate filing.

Listing a claim (i) on Schedule D as "secured," (ii) on Schedule E/F part 1 as "unsecured priority" or (iii) on Schedule E/F part 2 as "unsecured nonpriority," does not constitute a waiver of any of the Debtors' right to recharacterize, reclassify, recategorize, or redesignate such claim. Furthermore, listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease nor a waiver of the Debtors' right to recharacterize, reclassify or dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement such Schedule, as necessary.

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and SOFAs, including causes of actions arising under the provisions of Chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers. The Debtors may also possess contingent and unliquidated claims against affiliated entities for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement and/or

3

4817-5870-2040.4

indemnification arising from, among other things: (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guaranties, and (v) indemnities. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim in connection with any contract, breach of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") it may have, and neither the Global Notes nor the Schedules nor the SOFAs shall be deemed a waiver of any Causes of Action or in any way prejudice or impair the assertion of any such Causes of Action.

Additionally, the Debtors specifically note that because of the nature of the unfinished construction of the proton therapy center in Hamlin, Florida, and certain litigation related thereto, the Debtors may not be aware of claims or assertions of rights of third-parties. Construction of the shell of the building in Hamlin, Florida is substantially complete and certain equipment required to make such center operational has been delivered to the site. Additionally, the cyclotron has been delivered and installed in the Hamlin, Florida proton therapy site, but has not been commissioned and is not operational. However, because of the unfinished nature of the project, the Debtors have been unable to undertake a comprehensive analysis of the competing claims that may be asserted by various parties and the Debtors. The Debtors reserve all of their rights and claims related to the Hamlin, Florida project.

Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the foregoing general reservation of rights.

**Totals**

All totals that are included in the Schedules and SOFAs represent totals of all known and estimated amounts included in the Schedules and SOFAs. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be materially different than the listed total. The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount. Due to numerous unliquidated, contingent and/or disputed claims, summary statistics in the Schedules, SOFAs and Global Notes may significantly understate the Debtors' liabilities.

**Recharacterization**

Notwithstanding that the Debtors have made reasonable best efforts to correctly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs, the Debtors nonetheless may have improperly characterized, classified, categorized or designated certain items. Thus, the Debtors reserve all rights to recharacterize, reclassify, recategorize or re-designate items reported in the Schedules and SOFAs at a later time as is necessary or appropriate.

## Liabilities

The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. The Debtors reserve all rights to modify, amend or supplement the Schedules and SOFAs as is necessary or appropriate.

The liabilities listed on these Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

## Exclusions

The Debtors have excluded certain categories of assets and liabilities from the Schedules and SOFAs such as: goodwill and certain other intangible assets; accrued liabilities including, but not limited to, accrued salaries and employee benefits; tax accruals; accrued accounts payable; and assets with a net book value of zero. Other non-material assets and liabilities may have also been excluded.

## Methodology

(a) **Basis of Presentation.** The Schedules and SOFAs do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled to the financial statements of each Debtor. The Schedules and SOFAs contain unaudited information that is subject to further review and potential adjustment. The Schedules and SOFAs reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b) **Confidential Information.** There may be instances in the Schedules and SOFAs where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, local restrictions on disclosure, concerns of confidentiality and protection of sensitive commercial information, or concerns for the privacy of an individual.

(c) **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the SOFAs and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

4817-5870-2040.4

(d)     **Net Book Value.**  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and SOFAs reflect net book values as of the Petition Date.  Market values may vary—at sometimes materially—from net book values.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property and other assets.  Accordingly, the Debtors have indicated in the Schedules and SOFAs that the values of certain assets and liabilities are undetermined.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and SOFAs or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and SOFAs does not constitute a representation regarding the ownership of such asset and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(e)     **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are valued at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  To the extent possible, any such leases are listed in the Schedules and SOFAs.  Nothing in the Schedules and SOFAs is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(f)     **Allocation of Liabilities.**  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and SOFAs.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

(g)     **Undetermined Amounts.**  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

(h)     **Unliquidated Amounts.**  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(i)     **Totals.**   All totals that are included in the Schedules and SOFAs represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(j)     **Paid Claims.**  Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases entered on or about December 22, 2020 (collectively, the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of

6

employees, customer credits/refunds, and taxing authorities. Accordingly, certain liabilities may have been or may be satisfied in accordance with such orders. Regardless of whether such claims are listed in the Schedules and SOFAs, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and SOFAs, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

(k)     **Credits and Adjustments.**  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (a) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (b) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if applicable.  The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a postpetition basis.

(l)     **Intercompany Claims.**   Receivables and payables among and between a Debtor and (i) other Debtors or (ii) their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records.   The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

(m)    **Guarantees and Other Secondary Liability Claims.**   The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements.   Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor(s).   The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue to review their books and records and contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and SOFAs if additional guarantees are identified.

(n)     **Excluded Assets and Liabilities.**  The Debtors may have excluded certain categories of assets and liabilities from the Schedules and SOFAs,

including, but not limited to: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits. Other immaterial assets and liabilities may also have been excluded.

(o) **Liens.** The inventories, property, and equipment listed in the Schedules and SOFAs are presented without consideration of any liens.

(p) **Currency.** All amounts are reflected in U.S. dollars.

(q) **Setoffs.** The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes, including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may be excluded from the Debtors' Schedules and SOFAs. In addition, some amounts listed in the Schedules and SOFAs may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

(r) **Receivables.** All receivables are estimates and subject to change and risk of collection.

## Leases

Nothing in the Schedules or SOFA (including, without limitation the failure to list leased property or equipment as owned property or equipment) is, or shall be construed as, an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtors reserve all of their rights with respect to such issues.

The Debtors lease equipment under various operating lease agreements. These agreements are carried by the Debtors at a zero-book value. These equipment leases are reported on the Schedule G. To the extent that there was an amount outstanding under any of these agreements as of the Petition Date, the amount owed to the applicable lessor has been listed on Schedule E/F part 2 of each Debtor.

## Estimates

To prepare and file the Schedules in accordance with the deadline established in the Chapter 11 cases, management was required to make certain estimates and assumptions that

8

affected the reported amounts of these assets and liabilities as of the Petition Date. The Debtors reserve the right to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

## Fiscal Year

The Debtors' fiscal years end on December 31.

## Claims Of Third-Party Related Entities

Although the Debtors have made reasonable efforts to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated and/or contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to both such entity and its affiliates. Therefore, to the extent that the Debtors have classified claims of a creditor as disputed, unliquidated and/or contingent, all claims of such creditor's affiliates listed in the Schedules shall similarly be considered as disputed, unliquidated and/or contingent, whether or not they are designated as such.

## Effect Of Payments Made Pursuant To "First Day" Orders On Scheduled Claim Amount

The Bankruptcy Court has authorized the Debtors to pay certain pre-Petition Date claims including those of employees, utilities, insurance programs and taxing authorities. Thus, Schedule E/F part 2 generally does not include prepetition liabilities that have been paid after the Petition Date. Where the Schedules list creditors and set forth the Debtors' scheduled amount of such claims, such scheduled amounts reflect amounts owed as of the Petition Date, adjusted for any payments made after the Petition Date pursuant to the authority granted to the Debtors by the Bankruptcy Court. However, the estimate of claims set forth in the Schedules may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

## Setoffs

The Debtors occasionally incur setoffs from third parties in the ordinary course of business. Setoffs in the ordinary course can result from various routine transactions, including counterparty settlements, pricing and payment discrepancies, and other disputes between the Debtors and third parties. Certain of these constitute normal setoffs consistent with the ordinary course of business in the Debtors' industry. In such instances, such ordinary course setoffs are excluded from the Debtors' responses to Question 13 of the SOFAs. The Debtors reserve all rights to enforce or challenge, as the case may be, any setoffs that have been or may be asserted.

## Intellectual Property Rights

The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

4817-5870-2040.4

## Global Notes Control

All of the Debtors' Schedules and SOFAs are subject to and qualified by the Global Notes. In the event that the Schedules and SOFAs differ from the Global Notes, ***the Global Notes shall control***.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

### Schedule A/B, Part 2 - Deposits and Prepayments

The Debtors' characterization of an asset listed in these schedules is not a legal characterization of either a deposit or a prepayment. The Debtors reserve all rights to re-categorize and/or recharacterize such asset holdings at a later time as appropriate. Additionally, the amounts set forth on these Items do not include amounts held as retainers by professionals.

### Schedule A/B, Part 9 - Real Property

Except where otherwise noted, the Debtors have included the book value of owned real property assets. Further, the Debtors may have listed certain assets as real property when such holdings are in fact in the nature of personal property holdings, or the Debtors may have listed certain assets as personal property assets when such holdings are in fact in the nature of real property holdings. The Debtors reserve all of their rights to re-categorize and/or recharacterize such asset holdings at a later time as appropriate.

### Schedule A/B - Personal Property

Assets recorded as negative net payables or other prepayments are representative of credits owed from customers or third parties. Security deposits held by real property lessors, utility companies and various other third parties have also been included on this schedule. In certain instances, the Debtors have included in the Schedules purchased equipment for which payments have been made, but the equipment has not been received.

The Debtors note that the cyclotron has been delivered to the Hamlin, Florida site, but has not been installed. Other completed equipment is offsite and awaiting final fabrication and installation. Additionally, some of the equipment has not yet been manufactured or is in various states of completion. As a result, the Debtors makes no representation concerning claims to such equipment or the current ownership, title and control of such equipment.

The Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and SOFAs, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.

### Schedule A/B – Part 11, Question 77

The Debtors are each obligated under certain bonds (the "Bonds") as more fully set forth in the *Declaration of Mark Andrews, Managing Director at Trinity River Advisors and Restructuring Advisor to the Debtors in Support of the Debtors' Chapter 11 Petitions and First-*

Case 3:20-bk-05438    Doc 208    Filed 01/22/21    Entered 01/22/21 19:15:52    Desc Main
Document      Page 11 of 39

*Day Motions* [Docket No. 15]. Under the terms of the Bonds, the bond trustee for the Bonds (the "Bond Trustee") held funds in accounts on behalf of the Debtors and bondholders, respectively. Specifically, as it relates to MTPC, the Bond Trustee held the bond fund and the debt service reserve fund (collectively, the "Trustee Held Funds"). On December 7, 2020, the Bond Trustee advised that it setoff and otherwise applied the Trustee Held Funds in each of the accounts. All monies were withdrawn from the applicable Trustee Held Funds and accounts.

The Debtors have not investigated the asserted setoff and application of the Trustee Held Funds. The Debtors reserve all rights, claims, and remedies to assert such claims. Because the Debtors have not investigated these claims, the Debtors have scheduled the respective Trustee Held Funds as assets of the respective Debtor who has an interest in the Trustee Held Funds on Schedule A/B Part 11, Section 77. In the event that the Trustee Held Funds were properly applied and/or setoff, the transaction would be recorded and the respective liabilities listed on Schedule D would be decreased in an amount equal to the setoff or applied Trustee Held Funds.

## Schedule A/B – Part 11, Intercompany Receivables

The Debtors have account receivables for certain contractual parties that have common managements as the Debtors. For disclosure, the Debtors have set forth these receivables in Part 11 at section 77.

## Schedule D - Creditors Holding Secured Claims

Except as otherwise agreed pursuant an order of the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection or priority of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D. The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable master indentures, bond indentures, loan agreements, mortgages, bonds, notes and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in any Debtor's Schedule D shall be deemed a modification, interpretation, or waiver of the terms of any such agreements.

Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D.

## Schedule E/F - Creditors Holding Unsecured Priority And/Or Unsecured Non-Priority Claims

Claims listed on the Debtors' Schedule E/F include claims owed to various taxing authorities. However, certain of the claims may be subject to on-going audits or disputes, and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the taxing authority claims. Therefore, the Debtors have listed such claims as undetermined in amount, pending final resolution of on-going audits or disputes.

The unsecured non-priority claims of individual creditors for among other things, products, goods or services are listed as either the lower of the amounts invoiced by the creditor or the estimated amounts reflected on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors. The claims listed on Schedule E/F arose or

4817-5870-2040.4

were incurred on various dates. In certain instances, the date on which a claim arose may be subject to dispute. While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule E /F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list respective dates for the claims listed on Schedule E/F.

To the extent that litigation involving the Debtors has been identified, information regarding that litigation is contained in Schedule E/F.

As of the Petition Date, the Debtors owed refunds to certain patients that have been, or will be refunded in the ordinary course of business under authority of the *Final Order Granting Debtors' Motion Authorizing the Debtors to (I) Maintain, Administer, Modify, and Renew Its Refund Programs and Practices, and (II) Honor Obligations Related Thereto* [Docket No. 172]. The aggregate amount owed in patient refunds by a Debtor as of the Petition Date has been scheduled on each respective Debtor's Schedule E/F, Part 2 and marked as contingent.

Intercompany payables as of the Petition Date have been disclosed on Schedule E/F. The Debtors are providing balances of intercompany payables and receivables based on the Debtors' books and records as of the Petition Date. It is possible that the Debtors will itemize additional insider transfers to other Debtors currently administered in these Chapter 11 cases (*i.e.* intercompany transfers) and the Debtors reserve their rights to supplement this information as it is identified.

**Schedule G - Unexpired Leases And Executory Contracts**

The contracts, agreements and leases listed on the Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppels, certificates, letters, memoranda or other documents, instruments and agreements that may not be listed on Schedule G, despite the Debtors' use of reasonable efforts to identify such documents. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the Debtors and such supplier or provider. Due to the volume of the Debtors' portfolio of contracts and leases, all documents entitled "lease" or "contract" have been included on Schedule G. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not separately set forth on Schedule G or Schedule B.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory contracts may not have been memorialized and may be subject to dispute. Each unexpired lease listed in Schedule G may include one or more ancillary documents, including but not limited to any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Executory contracts that are oral in nature, if any, have not been included on Schedule G.

4817-5870-2040.4

To the extent the Court determines a particular contract is executory, the Debtors will amend Schedule G to add that contract.

## Schedule H - Codebtors

The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because the Debtors have treated all such claims as contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule E/F part 2 and SOFA 7, as applicable.

## <u>SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SOFAS</u>

## SOFAs Item 3 - 90 Day Payments

The dates set forth in the "Date of Payment" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the check date.

SOFA 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to SOFA question 4), and employees.

## SOFAs Item 4 - Insider Payments

Except as may be otherwise indicated in the Schedules and SOFAs, the Debtors have included payments made during the one-year period preceding the Petition Date to person deemed an "insider," as that term is defined in section 101(31) of the Bankruptcy Code.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individuals, (c) the decision-making or corporate authority of such person, or (d) whether such person could successfully argue that he or she is not an "insider" under applicable law. Distributions by the Debtors to their directors and officers are listed on the attachment to Questions 3 and 4. Certain directors and executive officers of the Debtors are also directors and executive officers of certain of the Debtor and non-Debtor affiliates.

At the time of the filing the Debtors' SOFA, the Debtors were unable to itemize insider transfers to other Debtors currently administered in these Chapter 11 cases (*i.e.* intercompany transfers) this will be supplemented once identified.

SOFA 4 accounts for a respective Debtor's intercompany transactions, if applicable, as well as other transfers to insiders as applicable. With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation, reimbursement, and/or severance. Amounts paid on

13

behalf of such employee for certain life and disability coverage, which coverage is provided to all of the Debtors' employees, has not been included.

One or more of the Debtors have contractual relationships with one or more of the following entities: Provision Health Partners, LLC ("PHP"); Provision Solutions, LLC ("PVS") and ProNova Solutions, LLC ("ProNova" and collectively with PHP and PVS, the "Service Providers"). The Debtors do not believe that the Service Providers qualify as "insiders" as defined in section 101(31) of the Bankruptcy Code. As such, no payments to the Service Providers have been listed in SOFA Item 4 – Insider Payments. For disclosure purposes, payments to the Service Providers made within 90 days before the Petition Date have been listed in SOFAs Item 3 – 90 Day Payments.

## SOFAs Item 7 - Litigation

Despite reasonable efforts, the Debtors may not have identified and/or set forth all their causes of action (filed or potential) against third parties as assets in their Schedules and SOFAs. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and SOFAs shall be deemed a waiver of any such causes of action.

## SOFAs Item 10 - Losses From Fire, Theft Or Other Casualty

The Debtors may have occasionally incurred losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' business or are not reported for insurance purposes.

## SOFAs Item 11 - Payments Related To Bankruptcy

Out of an abundance of caution, the Debtors have included payments to all professionals who have rendered any advice related the Debtors' bankruptcy proceedings in SOFA 11. However, it is possible that the disclosed fees also relate to other, non-bankruptcy related services, and may include services rendered to other parties.

## SOFAs Item 26 - Books Records And Financial Statements

From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, customers, vendors, debtholders and their legal and financial advisors. Additionally, certain financial statements may have been provided to other parties as requested.

## General Disclaimer

The Debtors have prepared the SOFAs and Schedules based on the information reflected in the Debtors' books and records. However, inasmuch as the Debtors' books and records have not been audited, the Debtors cannot warrant the absolute accuracy of these documents. The Debtors have made a diligent effort to complete these documents accurately and completely. To

the extent additional information becomes available, the Debtors will amend and supplement the SOFAs and Schedules.

*          *          *          *          *

4817-5870-2040.4

**Fill in this information to identify the case:**

Debtor name: MTPC, LLC

United States Bankruptcy Court for the: Middle District of Tennessee

Case number: 20-05438

☐ **Check if this is an amended filing**

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | | |
|---|---|---:|
| 1a. | **Real property:** | $50,574,638.15 |
| | Copy line 88 from Schedule A/B | |
| 1b. | **Total personal property:** | $51,444,484.79 |
| | Copy line 91A from Schedule A/B | |
| 1c. | **Total of all property:** | $102,019,122.94 |
| | Copy line 92 from Schedule A/B | |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D) — $113,660,000.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | | |
|---|---|---:|
| 3a. | **Total claim amounts of priority unsecured claims:** | $0.00 |
| | Copy the total claims from Part 1 from line 5a of Schedule E/F | |
| 3b. | **Total amount of claims of nonpriority amount of unsecured claims:** | $9,622,574.09 |
| | Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | |

**4. Total Liabilities** — $123,282,574.09
Lines 2 + 3a + 3b

Fill in this information to identify the case:

Debtor name: MTPC, LLC

United States Bankruptcy Court for the: Middle District of Tennessee

Case number: 20-05438

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **2. Cash on hand** | | | |
| 2.1 | | | $300.00 |
| **3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| 3.1  ServisFirst Bank | Receipts/Disbursements | 0459 | $912,198.00 |
| **4. Other cash equivalents** *(Identify all)* | | | |
| 4.1 | | | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$912,498.00

### Part 2: Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **7. Deposits, including security deposits and utility deposits** | |
| Description, including name of holder of deposit | |
| 7.1  Security Deposits - Middle Tennessee Electric | $47,704.05 |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | Prepaid Equipment Maintenance | $125,000.00 |
| 8.2 | Prepaid Licenses & Fees | $65,916.65 |
| 8.3 | Prepaid General & Professional Liability Insurance | $33,004.00 |
| 8.4 | Prepaid D&O Insurance | $8,817.00 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

$280,441.70

---

**Part 3:**    **Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| | | | | | Current value of debtor's interest |
|---|---|---|---|---|---|
| **11. Accounts receivable** | | | | | |
| 11a. | 90 days old or less: | $3,681,925.89 − | $2,761,444.42 | = ........ ➔ | $920,481.47 |
| | | face amount | doubtful or uncollectible accounts | | |
| 11b. | Over 90 days old: | $499,828.23 − | $374,871.17 | = ........ ➔ | $124,957.06 |
| | | face amount | doubtful or uncollectible accounts | | |

**Note:** The Debtors are not contending that these amounts are doubtful or uncollectible, rather, these amounts reflect contractual allowances and adjustments estimated at 75% of gross accounts receivable.

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$1,045,438.53

---

**Part 4:**    **Investments**

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14. Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| 14.1 | | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:           % of ownership:

| | | | |
|---|---|---|---|
| 15.1 | | | $0.00 |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____    _____    $0.00

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.                     $0.00

---

**Part 5:    Inventory, excluding agriculture assets**

---

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 _____ | _____ | _____ | _____ | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 _____ | _____ | _____ | _____ | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 _____ | _____ | _____ | _____ | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 _____ | _____ | _____ | _____ | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                     $0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

---

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**28. Crops—either planted or harvested**

| 28.1 | | | $0.00 |

**29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish

| 29.1 | | | $0.00 |

**30. Farm machinery and equipment** (Other than titled motor vehicles)

| 30.1 | | | $0.00 |

**31. Farm and fishing supplies, chemicals, and feed**

| 31.1 | | | $0.00 |

**32. Other farming and fishing-related property not already listed in Part 6**

| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes

Book value _____  Valuation method _____  Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 7:**    **Office furniture, fixtures, and equipment; and collectibles**

---

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**39. Office furniture**

| 39.1 | Furniture & Fixtures | | Book Value | $431,262.82 |

**40. Office fixtures**

| 40.1 | Included in Schedule A/B, Part 7, Question 39 | | | $0.00 |

**41. Office equipment, including all computer equipment and communication systems equipment and software**

| | | | |
|---|---|---|---|
| 41.1 | Computers / Network System | Book Value | $725,458.83 |
| 41.2 | Audio/Visual System | Book Value | $3,950.00 |
| 41.3 | Security System | Book Value | $1,638.59 |

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| | | | |
|---|---|---|---|
| 42.1 | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

$1,162,310.24

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☑ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 8:**  Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | $0.00 |
| **49. Aircraft and accessories** | | | |
| 49.1 | | | $0.00 |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1<br>Proton Equipment | | Book Value | $41,944,483.57 |
| 50.2<br>Medical Equipment | | Book Value | $1,275,714.75 |
| 50.3<br>Machinery & Equipment | | Book Value | $1,450.00 |
| 50.4<br>Accumulated Depreciation | | Book Value | $-7,508,236.65 |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$35,713,411.67

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No
☑ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No
☐ Yes

<table>
<tr><td>**Part 9:**</td><td>**Real Property**</td></tr>
</table>

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 Proton-Therapy and Cancer-Treatment Center: 4588 Carothers Parkway, Franklin, TN 37067 | Owned | | None | (See Below) |
| 55.2 Buildings/Building Improvements | Owned | | Book Value | $46,385,462.97 |
| 55.3 Land | Owned | | Book Value | $3,848,899.50 |
| 55.4 Land Improvements | Owned | | Book Value | $340,275.68 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

$50,574,638.15

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No
☑ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No
☐ Yes

<table>
<tr><td>**Part 10:**</td><td>**Intangibles and intellectual property**</td></tr>
</table>

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1   See Schedule A/B 61 Attachment | | None | Undetermined |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1   Software (NBV) | $1,603,540.00 | Net Book Value | $1,603,540.00 |
| 64.2   Facebook - ProvisionCARESProtonTherapy | | None | Undetermined |
| 64.3   Twitter - ProvisionProton | | None | Undetermined |
| 64.4   Instagram - provisionproton | | None | Undetermined |
| 64.5   YouTube - provisionha | | None | Undetermined |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| $1,603,540.00 |
|---|

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☑ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☑ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 11:**   **All other assets**

---

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**

Description (include name of obligor)

71.1 _____  _____  _____  = ➜  $0.00

total face amount           –  doubtful or uncollectible
                                amount

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1 _____  Tax year _____  $0.00

**73. Interests in insurance policies or annuities**

73.1 _____  $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 _____  $0.00

Nature of Claim  _____

Amount requested  _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 _____  $0.00

Nature of Claim  _____

Amount requested  _____

**76. Trusts, equitable or future interests in property**

76.1 _____  $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

| 77.1 | Capitalized Certificate of Need Origination Fees (NBV) | $109,446.43 |
| 77.2 | Capitalized Loan Origination Fees (NBV) | $1,377,939.47 |
| 77.3 | Intercompany Receivable - PCPT Hamlin, LLC | $16,705.83 |
| 77.4 | Intercompany Receivable - The Proton Therapy Center, LLC | $63,087.45 |
| 77.5 | Restricted Cash at UMB - Capitalized Interest | $1,401.13 |
| 77.6 | Restricted Cash at UMB - Construction Fund | $80.92 |
| 77.7 | Restricted Cash at UMB - Equipment Fund | $373.35 |
| 77.8 | Restricted Cash at UMB - Reserve Fund | $9,157,666.90 |
| 77.9 | Restricted Cash at UMB - Working Capital Fund | $143.17 |

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.  $10,726,844.65

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 12:    Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $912,498.00 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $280,441.70 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $1,045,438.53 | |
| **83. Investments.** Copy line 17, Part 4. | $0.00 | |
| **84. Inventory.** Copy line 23, Part 5. | $0.00 | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $1,162,310.24 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $35,713,411.67 | |
| **88. Real property.** Copy line 56, Part 9. | → | $50,574,638.15 |
| **89. Intangibles and intellectual property.** Copy line 66, Part 10. | $1,603,540.00 | |
| **90. All other assets.** Copy line 78, Part 11. | $10,726,844.65 | |
| **91. Total. Add lines 80 through 90 for each column** 91a. | $51,444,484.79 | 91b. $50,574,638.15 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.                $102,019,122.94

| General Description | Net Book Value | Valuation Method | Current Value |
|---|---|---|---|
| cancercaresconnection.com | | None | Undetermined |
| cancercaresconnection.org | | None | Undetermined |
| carescancerconnection.com | | None | Undetermined |
| carescancerconnection.org | | None | Undetermined |
| caresconnection.com | | None | Undetermined |
| caresconnection.org | | None | Undetermined |
| caresculture.com | | None | Undetermined |
| caresculture.org | | None | Undetermined |
| chapelhillproton.com | | None | Undetermined |
| chapelhillproton.org | | None | Undetermined |
| chapelhillprotons.com | | None | Undetermined |
| chapelhillprotons.org | | None | Undetermined |
| denverproton.com | | None | Undetermined |
| denverproton.org | | None | Undetermined |
| dukeproton.com | | None | Undetermined |
| dukeproton.org | | None | Undetermined |
| dukeprotons.com | | None | Undetermined |
| dukeprotons.org | | None | Undetermined |
| dukeprotontherapy.com | | None | Undetermined |
| dukeprotontherapy.org | | None | Undetermined |
| durhamproton.com | | None | Undetermined |
| durhamprotons.com | | None | Undetermined |
| etnprotonguys.com | | None | Undetermined |
| etnprotonguys.org | | None | Undetermined |
| franklinproton.com | | None | Undetermined |
| franklinproton.org | | None | Undetermined |
| ftlauderdaleproton.com | | None | Undetermined |
| ftlauderdaleproton.org | | None | Undetermined |
| hamlinproton.com | | None | Undetermined |
| kansascityproton.com | | None | Undetermined |
| kansascityprotons.com | | None | Undetermined |
| kansasproton.com | | None | Undetermined |
| kansasprotons.com | | None | Undetermined |
| knoxvilleproton.com | | None | Undetermined |
| knoxvilleproton.org | | None | Undetermined |
| nashvilleproton.com | | None | Undetermined |
| nashvilleproton.org | | None | Undetermined |
| nashvilleprotons.com | | None | Undetermined |
| nashvilleprotontherapy.com | | None | Undetermined |
| northcarolinaproton.com | | None | Undetermined |
| northcarolinaproton.org | | None | Undetermined |
| northcarolinaprotons.com | | None | Undetermined |
| northcarolinaprotons.org | | None | Undetermined |
| orlandoprotoncenter.com | | None | Undetermined |
| orlandoprotoncenter.org | | None | Undetermined |
| orlandoprotons.com | | None | Undetermined |
| proton.care | | None | Undetermined |
| protonambassadors.com | | None | Undetermined |
| protonambassadors.org | | None | Undetermined |
| protonbenefits.com | | None | Undetermined |
| protoncancerstories.com | | None | Undetermined |
| protoncare.org | | None | Undetermined |
| protoncares.com | | None | Undetermined |

| General Description | Net Book Value | Valuation Method | Current Value |
|---|---|---|---|
| protoncares.org | | None | Undetermined |
| protoncast.com | | None | Undetermined |
| protondocs.com | | None | Undetermined |
| protondocs.org | | None | Undetermined |
| protongals.com | | None | Undetermined |
| protonguys.com | | None | Undetermined |
| protonkids.com | | None | Undetermined |
| protonkids.org | | None | Undetermined |
| protonpodcast.com | | None | Undetermined |
| protonpodcasts.com | | None | Undetermined |
| protonresults.com | | None | Undetermined |
| protonsagainstcancer.com | | None | Undetermined |
| protonsagainstcancer.org | | None | Undetermined |
| protonsforkids.com | | None | Undetermined |
| protonstatistics.com | | None | Undetermined |
| protonstats.com | | None | Undetermined |
| protonstories.com | | None | Undetermined |
| protontennessee.com | | None | Undetermined |
| protontherapybenefits.com | | None | Undetermined |
| protontherapypodcast.com | | None | Undetermined |
| protontherapypodcasts.com | | None | Undetermined |
| protontherapyresults.com | | None | Undetermined |
| protontherapystatistics.com | | None | Undetermined |
| protontherapystats.com | | None | Undetermined |
| protontherapytennessee.com | | None | Undetermined |
| protontherapyuniversity.com | | None | Undetermined |
| protontn.com | | None | Undetermined |
| protontn.net | | None | Undetermined |
| protontn.org | | None | Undetermined |
| provisioncancer.care | | None | Undetermined |
| provisioncancer.com | | None | Undetermined |
| provisioncancer.org | | None | Undetermined |
| provisioncancercare.com | | None | Undetermined |
| provisioncancercare.net | | None | Undetermined |
| provisioncancercare.org | | None | Undetermined |
| provisioncancercenter.com | | None | Undetermined |
| provisioncancercenter.net | | None | Undetermined |
| provisioncancercenter.org | | None | Undetermined |
| provisioncancercenters.com | | None | Undetermined |
| provisioncancernetwork.com | | None | Undetermined |
| provisioncancersolutions.com | | None | Undetermined |
| provisioncaresproton.com | | None | Undetermined |
| provisioncaresprotontherapy.com | | None | Undetermined |
| provisioncaresprotontherapy.net | | None | Undetermined |
| provisioncaresprotontherapy.org | | None | Undetermined |
| provisionexperience.com | | None | Undetermined |
| provisionproton.com | | None | Undetermined |
| provisionproton.net | | None | Undetermined |
| provisionprotoncenters.com | | None | Undetermined |
| provisionprotontherapy.org | | None | Undetermined |
| provisionresearch.com | | None | Undetermined |
| sanantonioproton.com | | None | Undetermined |
| sanantonioprotons.com | | None | Undetermined |

**SCHEDULE AB 61 ATTACHMENT**
Internet Domain Names and Websites

| General Description | Net Book Value | Valuation Method | Current Value |
|---|---|---|---|
| southfloridaproton.com | | None | Undetermined |
| southfloridaproton.org | | None | Undetermined |
| tampaproton.com | | None | Undetermined |
| tampaproton.org | | None | Undetermined |
| tennesseeproton.com | | None | Undetermined |
| tennesseeproton.net | | None | Undetermined |
| tennesseeproton.org | | None | Undetermined |
| tennesseeprotontherapy.com | | None | Undetermined |
| tnproton.com | | None | Undetermined |
| tnproton.net | | None | Undetermined |
| tnproton.org | | None | Undetermined |
| uncproton.com | | None | Undetermined |
| uncproton.org | | None | Undetermined |
| uncprotons.com | | None | Undetermined |
| uncprotons.org | | None | Undetermined |
| universityproton.com | | None | Undetermined |
| universityprotons.com | | None | Undetermined |
| universityprotontherapy.com | | None | Undetermined |

☐ Check if this is an
amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property

Be as complete and accurate as possible.

**Part 1:** List Creditors Who Have Claims Secured by Property

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A | Column B |
|---|---|---|---|
| | | **Amount of Claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

| 2.1 | | | Undetermined | Undetermined |

ServisFirst Bank
611 Commerce Street
Suite 3131
Nashville, TN 37203

**Describe debtor's property that is subject to the lien:**

**Describe the lien**
UCC Lien

**Date debt was incurred?**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

2.2

UMB Bank, National Association,
as Master Trustee
120 South Sixth Street
#1400
Minneapolis, MN 55402

**Date debt was incurred?**
6/7/2017

**Last 4 digits of account number**

**Do multiple creditors have an interest
in the same property?**
☑ No
☐ Yes. Specify each creditor, including
this creditor, and its relative priority.

_____

**Describe debtor's property that is subject to
the lien:**                                    $108,660,000.00      Undetermined

**Describe the lien**
Secured Series 2017A Nashville Bonds

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors(Official
Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

2.3

UMB Bank, National Association,
as Master Trustee
120 South Sixth Street
#1400
Minneapolis, MN 55402

**Date debt was incurred?**
6/7/2017

**Last 4 digits of account number**

**Do multiple creditors have an interest
in the same property?**
☑ No
☐ Yes. Specify each creditor, including
this creditor, and its relative priority.

_____

**Describe debtor's property that is subject to
the lien:**                                    $5,000,000.00      Undetermined

**Describe the lien**
Subordinate Series 2017B Nashville Bonds

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out Schedule H: Codebtors(Official
Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional
Page, if any.**                                    $113,660,000.00

**Part 2:    List Others to Be Notified for a Debt That You Already Listed**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of
claims listed above, and attorneys for secured creditors.
If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

Fill in this information to identify the case:

Debtor name: MTPC, LLC

United States Bankruptcy Court for the: Middle District of Tennessee

Case number: 20-05438

☐ Check if this is an amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | As of the petition filing date, the claim is: *Check all that apply.* | | $0.00 |

☐ Contingent

☐ Unliquidated

☐ Disputed

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Basis for the claim:**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (__)

**Is the claim subject to offset?**

☐ No

☐ Yes

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

3.1

See Schedule F Attachment
_____

**Date or dates debt was incurred**

_____

**As of the petition filing date, the claim is:**    $9,622,574.09
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

| Part 3: | List Others to Be Notified About Unsecured Claims |

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. | Line | |
| | ☐ Not listed. Explain | |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  | Total of claim amounts |
|---|---|

| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $9,622,574.09 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $9,622,574.09 |

| ID | Creditor's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Date Incurred | Last 4 Digits of Account # | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.001 | (AGGREGATE) REFUNDS OWED TO PATIENTS | | | | | | | | | Patient Refunds | X | | | No | $586.00 |
| 3.002 | ACCENT | P.O. BOX 952366 | | | ST. LOUIS | MO | 63195-2366 | | | Trade Payable | | | | No | $140.16 |
| 3.003 | ADP, LLC | P.O. BOX 842875 | | | BOSTON | MA | 02284-2875 | | | Trade Payable | | | | No | $463.98 |
| 3.004 | AETNA | PO BOX 14079 | | | LEXINGTON | KY | 40512 | | | Trade Payable | | | | No | $76.23 |
| 3.005 | AETNA | P.O. BOX 784836 | | | PHILADELPHIA | PA | 19178-4836 | | | Trade Payable | | | | No | $1,650.00 |
| 3.006 | AIRGAS USA, LLC | P.O. BOX 734672 | | | DALLAS | TX | 75373-4672 | | | Trade Payable | | | | No | $571.96 |
| 3.007 | ALLSTATE BENEFITS | P.O. BOX 650514 | | | DALLAS | TX | 75265-0514 | | | Trade Payable | | | | No | $310.74 |
| 3.008 | ALSCO, INC | 2612 WESTERN AVENUE | P. O. BOX 50083 | | KNOXVILLE | TN | 37921 | | | Trade Payable | | | | No | $6,109.42 |
| 3.009 | AMERIGROUP | PO BOX 933657 | | | ATLANTA | GA | 31193-3657 | | | Trade Payable | | | | No | $119.00 |
| 3.010 | AMERIGROUP | PO BOX 933657 | | | ATLANTA | GA | 31193-3657 | | | Trade Payable | | | | No | $119.00 |
| 3.011 | ANGIODYNAMICS, INC. | 14 PLAZA DRIVE | | | LATHAM | NY | 12110 | | | Trade Payable | | | | No | $20,583.02 |
| 3.012 | ANN MARIE COUCH | [ADDRESS REDACTED] | | | | | | | | Trade Payable | | | | No | $585.84 |
| 3.013 | ASHLAND SPECIALTY INGREDIENTS G.P. | P.O. BOX 116022 | | | ATLANTA | GA | 30368-6022 | | | Trade Payable | | | | No | $0.00 |
| 3.014 | ASTRO | P.O. BOX 418075 | | | BOSTON | MA | 02241-8075 | | | Trade Payable | | | | No | $14,000.00 |
| 3.015 | A-Z OFFICE RESOURCE, INC. | P.O. BOX 1317 | | | COLUMBIA | TN | 38402 | | | Trade Payable | | | | No | $975.66 |
| 3.016 | BACON & COMPANY | 206 W. SUMMIT HILL DRIVE | P.O.BOX 78 | | KNOXVILLE | TN | 37901 | | | Trade Payable | | | | No | $145.00 |
| 3.017 | BEEKLEY MEDICAL | ONE PRESTIGE LANE | | | BRISTOL | CT | 06010 | | | Trade Payable | | | | No | $1,566.95 |
| 3.018 | BOSTON SCIENTIFIC CORPORATION | P.O. BOX 951653 | | | DALLAS | TX | 75395-1653 | | | Trade Payable | | | | No | $55,450.00 |
| 3.019 | BRADSHER & BRIGHT, LLC | 600B FRAZIER DR, STE 130 | | | FRANKLIN | TN | 37067 | | | Trade Payable | | | | No | $142.30 |
| 3.020 | CARD SERVICES | P.O. BOX 84070 | | | COLUMBUS | GA | 31908-4070 | | | Trade Payable | | | | No | $1,694.92 |
| 3.021 | CENTER FOR BIOMEDICAL RESEARCH, LLC | 1400 DOWELL SPRINGS BLVD. | SUITE 350 | | KNOXVILLE | TN | 37909 | | | Trade Payable | | | | No | $49,748.91 |
| 3.022 | CENTURY FIRE PROTECTION, LLC | 2450 MEADOWBROOK PARKWAY | | | DULUTH | GA | 30096 | | | Trade Payable | | | | No | $976.00 |
| 3.023 | CIGNA | ATTN: COR TEAM | PO BOX 188012 | | CHATTANOOGA | TN | 37422 | | | Trade Payable | | | | No | $160.00 |
| 3.024 | CIGNA-JOHNSON AND ROUNDTREE PREMIUM, INC. | P.O. BOX 2625 | | | DEL MAR | CA | 92014-2625 | | | Trade Payable | | | | No | $46.91 |
| 3.025 | COLONIAL PENN LIFE | 11825 N PENNSYLVANIA STREET | | | CARMEL | IN | 46032 | | | Trade Payable | | | | No | $2,887.69 |
| 3.026 | COMCAST | COMCAST CENTER, 1701 JFK BOULEVARD | | | PHILADELPHIA | PA | 19103 | | | Trade Payable | | | | No | $265.15 |
| 3.027 | COMCAST HOLDINGS CORPORATION | PO BOX 415949 | | | BOSTON | MA | 02241-5949 | | | Trade Payable | | | | No | $25,585.00 |
| 3.028 | COMSCORE, INC. | 11950 DEMOCRACY DRIVE | SUITE 600 | | RESTON | VA | 20190 | | | Trade Payable | | | | No | $656.25 |
| 3.029 | CORPORATE CONTRACTING, LLC | PO BOX 40565 | | | NASHVILLE | TN | 37204 | | | Trade Payable | | | | No | $6,500.00 |
| 3.030 | CROUCH FLORIST | 1727 AMHERST RD | SUITE A | | KNOXVILLE | TN | 37909 | | | Trade Payable | | | | No | $89.90 |
| 3.031 | EAST TENNESSEE HEALTH REALTY, LLC | 1400 DOWELL SPRINGS BLVD., SUITE 350 | | | KNOXVILLE | TN | 37909-2447 | | | Service Provider Payable | | | | No | $23,733.54 |
| 3.032 | EAST TENNESSEE RADIATION THERAPY, LLC | 1400 DOWELL SPRINGS | SUITE 350 | | KNOXVILLE | TN | 37909 | | | Trade Payable | | | | No | $609.87 |
| 3.033 | FARM BUREAU HEALTH | PO BOX 300 | | | COLUMBIA | TN | 38402 | | | Trade Payable | | | | No | $97.92 |
| 3.034 | FEDEX | P.O. BOX 660481 | | | DALLAS | TX | 75266-0481 | | | Trade Payable | | | | No | $632.17 |
| 3.035 | FOLEY & LARDNER, LLP | 111 HUNTINGTON AVE, 26TH FLOOR | | | BOSTON | MA | 02199 | | | Trade Payable | | | | No | $206,685.90 |
| 3.036 | GILDA'S CLUB MIDDLE TENNESSEE | 1707 DIVISION STREET | | | NASHVILLE | TN | 37203 | | | Trade Payable | | | | No | $10,000.00 |
| 3.037 | GOVCONNECTION, INC. | P.O. BOX 536477 | | | PITTSBURGH | PA | 15253-5906 | | | Trade Payable | | | | No | $269.06 |
| 3.038 | GRAY TELEVISION - WVLT/EVLT | PO BOX 14200 | | | TALLAHASSEE | FL | 32317-4200 | | | Trade Payable | | | | No | $118,000.00 |
| 3.039 | HEALTH CARE PLAN | PO BOX 1618 | | | SAN RAMON | CA | 94583-6618 | | | Trade Payable | | | | No | $279.20 |
| 3.040 | HEALTHSPRING MC HMO | ATTN: REFUND DEPARTMENT | PO BOX 981706 | | EL PASO | TX | 37998 | | | Trade Payable | | | | No | $1,771.12 |
| 3.041 | HENRY SCHEIN | DEPT CH 10241 | | | PALATINE | IL | 60055-0241 | | | Trade Payable | | | | No | $5,334.20 |
| 3.042 | HM LIFE INSURANCE COMPANY | P.O. BOX 382038 | | | PITTSBURGH | PA | 15253-8038 | | | Trade Payable | | | | No | $229.96 |
| 3.043 | HMS | | | | | | | | | Trade Payable | | | | No | $10,200.00 |
| 3.044 | H-O-H WATER TECHNOLOGY, INC. | P.O. BOX 487 | | | PALATINE | IL | 60078-0487 | | | Trade Payable | | | | No | $450.00 |
| 3.045 | HUMANA | P.O. BOX 14601 | ATTN: REFUNDS DEPARTMENT | | LEXINGTON | KY | 40512-4601 | | | Trade Payable | | | | No | $145.19 |
| 3.046 | JAMES A OLIVER DBA DRAFT AGENCY | 1060 WOLRD'S FAIR PARK DR, UNIT 5 | | | KNOXVILLE | TN | 37916 | | | Trade Payable | | | | No | $5,000.00 |
| 3.047 | JENNIFER LAW | [ADDRESS REDACTED] | | | | | | | | Trade Payable | | | | No | $172.40 |
| 3.048 | JEWELL MECHANICAL, LLC | 1000 ELM HILL PIKE | | | NASHVILLE | TN | 37210 | | | Trade Payable | | | | No | $3,181.77 |
| 3.049 | LANDSCAPE SERVICES, INC. | 204 RIVER HILLS DRIVE | | | NASHVILLE | TN | 37210 | | | Trade Payable | | | | No | $2,750.00 |
| 3.050 | LAP OF AMERICA LASER APPLICATIONS, L.L.C. | 161 COMMERCE RD. SUITE 3 | | | BOYNTON BEACH | FL | 33426 | | | Trade Payable | | | | No | $12,607.00 |
| 3.051 | LAURA CUTLER | [ADDRESS REDACTED] | | | | | | | | Trade Payable | | | | No | $245.22 |
| 3.052 | LEGION HEALTHCARE PARTNERS, LLC | 2001 KIRBY DR., SUITE 1100 | | | HOUSTON | TX | 77019 | | | Trade Payable | | | | No | $48,000.00 |
| 3.053 | LIFESTYLE PUBLICATIONS, LLC | 514 W 26TH ST SUITE 1S | | | KANSAS CITY | MO | 64108 | | | Trade Payable | | | | No | $3,990.00 |
| 3.054 | MACROMEDICS LLC | | | | | | | | | Trade Payable | | | | No | $2,171.82 |
| 3.055 | MARC BLAKEY | [ADDRESS REDACTED] | | | | | | | | Trade Payable | | | | No | $918.02 |
| 3.056 | MCBC MEDICAL DELIVERY SERVICE, LLC | | | | | | | | | Trade Payable | | | | No | $673.20 |
| 3.057 | MEDICAL WASTE OF AMERICA | 5102 S. MIDDLEBROOK PIKE, STE. 102 | | | KNOXVILLE | TN | 37921 | | | Trade Payable | | | | No | $500.00 |
| 3.058 | MEDICARE PALMETTO GBA, LLC | P O BOX 367 | | | AUGUSTA | GA | 30999-0001 | | | Trade Payable | | | | No | $109.44 |
| 3.059 | MEDLINE INDUSTRIES, INC. | DEPT CH 14400 | | | PALATINE | IL | 60055-4400 | | | Trade Payable | | | | No | $324.67 |
| 3.060 | MEDTEC, INC. | 1401 8TH STREET SE | | | ORANGE CITY | IA | 51041 | | | Trade Payable | | | | No | $1,675.00 |
| 3.061 | MIDDLE TENNESSEE ELECTRIC MEMBERSHIP CORP | PO BOX 330008 | | | MURFREESBORO | TN | 37133 | | | Trade Payable | | | | No | $11,536.52 |
| 3.062 | MOUNTAIN COMMERCE BANK | 6101 KINGSTON PIKE | | | KNOXVILLE | TN | 37919 | | | SBA PPP Loan | X | X | | No | $507,847.00 |
| 3.063 | MXR IMAGING, INC. | 4909 MURPHY CANYON RD | | | SAN DIEGO | CA | 92123 | | | Trade Payable | | | | No | $2,356.00 |
| 3.064 | NASHVILLE COMPRESSOR, LLC | 123 MERCHANTS PARK DRIVE | | | HOSCHTON | GA | 30548 | | | Trade Payable | | | | No | $1,141.00 |
| 3.065 | NASHVILLE MACHINE ELEVATOR CO, INC | PO BOX 3796 | | | CAROL STREAM | IL | 60132-3796 | | | Trade Payable | | | | No | $282.16 |

| ID | Creditor's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Date Incurred | Last 4 Digits of Account # | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.066 | NASLUND MEDICAL INC. | 150 NORTH MICHIGAN AVENUE, SUITE 1950 | | | CHICAGO | IL | 60601 | | | Trade Payable | | | | No | $4,225.00 |
| 3.067 | PRONOVA SOLUTIONS, LLC | 330 PELLISSIPPI PLACE | | | MARYVILLE | TN | 37804 | | | Trade Payable | | | | No | $1,345,644.96 |
| 3.068 | PROTON SYSTEMS | 2901 DANESE ST. | | | JACKSONVILLE | FL | 32206 | | | Trade Payable | | | | No | $4,075.00 |
| 3.069 | PROVISION CENTER FOR PROTON THERAPY | 1400 DOWELL SPRINGS BLVD. | SUITE 350 | | KNOXVILLE | TN | 37909 | | | Trade Payable | | | | No | $352,865.87 |
| 3.070 | PROVISION HEALTH PARTNERS, LLC | 1400 DOWELL SPRINGS BLVD., SUITE 350 | | | KNOXVILLE | TN | 37909-2447 | | | Insurance Prepayment Payable | | | | No | $31,939.05 |
| 3.071 | PROVISION HEALTH PARTNERS, LLC | 1400 DOWELL SPRINGS BLVD. | STE 350 | | KNOXVILLE | TN | 37909 | | | Trade Payable | | | | No | $1,153,896.97 |
| 3.072 | PROVISION HEALTHCARE, LLC | 1400 DOWELL SPRINGS BLVD., SUITE 350 | | | KNOXVILLE | TN | 37909-2447 | | | Service Provider Payable | | | | No | $884.31 |
| 3.073 | PROVISION HEALTHCARE, LLC | 1400 DOWELL SPRINGS BLVD., SUITE 350 | | | KNOXVILLE | TN | 37909 | | | Trade Payable | | | | No | $15,322.70 |
| 3.074 | PROVISION SOLUTIONS | 1400 DOWELL SPRINGS BLVD., SUITE 350 | | | KNOXVILLE | TN | 37909 | | | Trade Payable | | | | No | $306,832.78 |
| 3.075 | PROVISION SOLUTIONS, LLC | 1400 DOWELL SPRINGS BLVD., SUITE 350 | | | KNOXVILLE | TN | 37909-2447 | | | Service Provider Payable | | | | No | $935.42 |
| 3.076 | QFIX | 440 CHURCH ROAD | | | AVONDALE | PA | 19311 | | | Trade Payable | | | | No | $2,474.03 |
| 3.077 | RAYSEARCH AMERICAS, INC. | 350 5TH AVE SUITE 5000 | | | NEW YORK | NY | 10118 | | | Trade Payable | | | | No | $125,000.00 |
| 3.078 | SCRIPPS MEDIA, INC. | PO BOX 5380 | | | CINCINNATI | OH | 45201 | | | Trade Payable | | | | No | $62,296.50 |
| 3.079 | SHRED-IT USA, LLC | 28883 NETWORK PLACE | | | CHICAGO | IL | 60673-1288 | | | Trade Payable | | | | No | $685.73 |
| 3.080 | SOLITUDE LAKE MANAGEMENT, LLC | 1320 BROOKWOOD DR, STE H | | | LITTLE ROCK | AR | 72202 | | | Trade Payable | | | | No | $295.50 |
| 3.081 | SOUTHEASTERN SOUND, INC. | 3745 DICKERSON PIKE | | | NASHVILLE | TN | 37207 | | | Trade Payable | | | | No | $195.00 |
| 3.082 | TENNESSEE ONCOLOGY, PLLC | 2004 HAYES STREET, STE 800 | | | NASHVILLE | TN | 37203-2659 | | | Trade Payable | | | | No | $0.00 |
| 3.084 | THERMO EBERLINE, LLC | | | | KNOXVILLE | TN | 37919 | | | Trade Payable | | | | No | $383.45 |
| 3.084 | THERMOCOPY | P.O. BOX 10665 | | | KNOXVILLE | TN | 37919 | | | Trade Payable | | | | No | $1,002.72 |
| 3.085 | TN DEPT OF LABOR & WORKFORCE DEVELOPMENT | ELEVATOR/BOILER UNIT | 220 FRENCH LANDING DR 2ND FLOOR | | NASHVILLE | TN | 37243 | | | Trade Payable | | | | No | $55.00 |
| 3.086 | U S PEST PROTECTION, INC. | MSC 410922 | PO BOX 415000 | | NASHVILLE | TN | 37241 | | | Trade Payable | | | | No | $150.00 |
| 3.087 | U.T. M.D. ANDERSON CANCER CENTER | P.O. BOX 4390 | | | HOUSTON | TX | 77210-4390 | | | Trade Payable | | | | No | $2,000.00 |
| 3.088 | UMB BANK, NATIONAL ASSOCIATION, AS MASTER TRUSTEE | 120 SOUTH SIXTH STREET | #1400 | | MINNEAPOLIS | MN | 55402 | 6/7/2017 | | Unsecured Series 2017C Nashville Bonds | | | | No | $5,000,000.00 |
| 3.089 | UMR | PO BOX 30541 | | | SALT LAKE CITY | UT | 84130 | | | Trade Payable | | | | No | $83.76 |
| 3.090 | USAA | P.O. BOX 12750 | ATTN: CLAIMS | | PENSACOLA | FL | 32591 | | | Trade Payable | | | | No | $97.72 |
| 3.091 | VERIFIED CREDENTIALS, INC. | 20890 KENBRIDGE CT | | | LAKEVILLE | MN | 55044 | | | Trade Payable | | | | No | $105.24 |
| 3.092 | WEBB'S REFRESHMENTS, INC. | 149 MTCS DRIVE | | | MURFREESBORO | TN | 37129 | | | Trade Payable | | | | No | $268.95 |
| 3.093 | WILLIAMSON, INC. | 4031 ASPEN GROVE DR. | SUITE 630 | | FRANKLIN | TN | 37067 | | | Trade Payable | | | | No | $5,000.00 |
| 3.094 | WPS TRICARE ADMINISTRATION | P.O. BOX 7928 | ATTN: REFUNDS | | MADISON | WI | 53707-7928 | | | Trade Payable | | | | No | $97.84 |
| 3.095 | WSMV | P.O. BOX 905024 | | | CHARLOTTE | NC | 28290 | | | Trade Payable | | | | No | $29,635.25 |
| | **TOTAL** | | | | | | | | | | | | | | **$9,622,574.09** |

Fill in this information to identify the case:

Debtor name: MTPC, LLC

United States Bankruptcy Court for the: Middle District of Tennessee

Case number: 20-05438

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1 **State what the contract or lease is for and the nature of the debtor's interest** | See Schedule G Attachment |
| **State the term remaining** | |
| **List the contract number of any government contract** | |

| ID | Description of Contract or Lease | Remainder of Term (Days) | Counterparty's Name | Notice Party's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.001 | Vendor Agreement dated 08/21/2018 | 211 | ALSCO | | 2612 WESTERN AVENUE | P.O. BOX 50083 | | KNOXVILLE | TN | 37921 |
| 2.002 | Vendor Agreement dated 07/25/2018 | 184 | CENTER FOR BIOMEDICAL RESEARCH, LLC | | 1400 DOWELL SPRINGS BLVD. | SUITE 350 | | KNOXVILLE | TN | 37909 |
| 2.003 | Vendor Agreement dated 01/01/2020 | 709 | CIGNA HEALTHCARE OF TENNESSEE, INC | MARYLOU RICE, LEGAL COMPLIANCE LEAD ANALYST | 900 COTTAGE GROVE ROAD | | | HARTFORD | CT | 06152 |
| 2.004 | Vendor Agreement dated 11/28/2018 | Unknown | CLARITY GROUP, INC. | | 8601 W BRYN MAWR AVE, SUITE 110 | | | CHICAGO | IL | 60631 |
| 2.005 | Vendor Agreement dated 12/13/2019 | 99 | IBA DOSIMETRY GMBH | ATTN: LEGAL DEPARTMENT | 3150 STAGE POST DRIVE, SUITE 110 | | | BARTLETT | TN | 38133 |
| 2.006 | Vendor Agreement dated 03/15/2018 | 98 | LIFESTYLE PUBLICATIONS | ATTN: STEVEN SCHOWENGERDT & DELAND SHORE | 514 W 26TH ST SUITE 1S | | | KANSAS CITY | MO | 64108 |
| 2.007 | Vendor Agreement | Unknown | MEDICAL WASTE OF AMERICA, LLC | | 5102 S. MIDDLEBROOK PIKE, STE. 102 | | | KNOXVILLE | TN | 37921 |
| 2.008 | Vendor Agreement dated 05/05/2017 | Unknown | MICROFTON UTILITY DISTRICT | | 6333 ARNO ROAD | | | FRANKLIN | TN | 37064-7902 |
| 2.009 | Physician Agreement dated 02/11/2020 | Unknown | NIEK SCHREUDER | | [ADDRESS REDACTED] | | | | | |
| 2.010 | Vendor Agreement dated 01/01/2019 | 344 | PRESS GANEY ASSOCIATES, INC. | | 404 COLUMBIA | | | SOUTH BEND | IN | 46601 |
| 2.011 | Vendor Agreement dated 08/28/2018 | Unknown | PRONOVA SOLUTIONS, LLC | | 330 PELLISSIPPI PLACE | | | MARYVILLE | TN | 37804 |
| 2.012 | Services Agreement dated 12/08/2018 | Unknown | PROVISION HEALTH PARTNERS, LLC | ATTN: ROBBY VINCILL & CHARLES F. AIKEN | 1400 DOWELL SPRINGS BLVD., SUITE 350 | | | KNOXVILLE | TN | 37909 |
| 2.013 | Vendor Agreement dated 09/29/2017 | Unknown | RAYSEARCH AMERICAS, INC. | | 350 5TH AVE SUITE 5000 | | | NEW YORK | NY | 10118 |
| 2.014 | Vendor Agreement dated 05/30/2018 | 858 | SHRED-IT USA, LLC | | 28883 NETWORK PLACE | | | CHICAGO | IL | 60673-1288 |
| 2.015 | Vendor Agreement dated 09/29/2017 | Unknown | SIEMENS MEDICAL SOLUTIONS USA, INC. | | PO BOX 120001 | | | DALLAS | TX | 75312-0733 |
| 2.016 | Vendor Agreement dated 01/10/2018 | Unknown | SOUTHEASTERN SOUND, INC. | | 3745 DICKERSON PIKE | | | NASHVILLE | TN | 37207 |
| 2.017 | Physician Agreement dated 01/01/2019 | 344 | TENNESSEE ONCOLOGY, PLLC | | 2004 HAYES STREET, STE 800 | | | NASHVILLE | TN | 37203-2659 |
| 2.018 | Vendor Agreement dated 05/29/2018 | Unknown | TRANSEO RADIOTHERAPY SOLUTIONS, LLC | | 4104 24TH STREET | | | SAN FRANCISCO | CA | 94114 |
| 2.019 | Vendor Agreement dated 04/23/2018 | Unknown | US PEST PROTECTION, INC. | MSC 410922 | PO BOX 415000 | | | NASHVILLE | TN | 37214 |
| 2.020 | Vendor Agreement dated 05/29/2018 | Unknown | VISIONTREE SOFTWARE, INC. | | 8885 RIO SAN DIEGO DRIVE, #220 | | | SAN DIEGO | CA | 92108 |

☐ **Check if this is an amended filing**

Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | | | ☐ D |
| | | | ☐ E/F |
| | | | ☐ G |

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

01/22/2021
_____
Executed on

_____
Signature of individual signing on behalf of debtor
Robby Vincill
_____
Printed name
Chief Financial Officer
_____
Position or relationship to debtor