IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---------------------------------------------------------------x
| | : | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | **Case No. 3:20-bk-05438 (RSM)** |
| **MTPC, LLC,** | : | |
| **THE PROTON THERAPY CENTER, LLC,** | : | **Judge Randal S. Mashburn** |
| **PCPT HAMLIN, LLC,** | : | |
| | : | **Jointly Administered** |
| **Debtors.**[1] | : | |
---------------------------------------------------------------

**OBJECTION OF RAYSEARCH AMERICAS, INC. TO NOTICE OF 365 CONTRACTS THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE TRANSACTION**

RaySearch Americas, Inc. ("RaySearch") by and through its undersigned co-counsel, hereby files this objection (the "Objection") to the *Notice of 365 Contracts That May Be Assumed and Assigned In Connection With The Sale Transaction* [Docket No. 684, at Ex. B] (the "Cure Notice"). In support of this Objection, RaySearch respectfully states as follows:

**BACKGROUND**

1. On December 15, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee District of New York (the "Bankruptcy Court"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On January 8, 2021, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 144].

---

[1] The jointly administered Debtors' respective case numbers in these Chapter 11 Cases include: MTPC, LLC ("MTPC"), Case Number 3:20-bk-05438; The Proton Therapy Center, LLC ("PCPTK"), Case Number 3:20-bk-549; PCPT Hamlin, LLC ("PCPT Hamlin"), Case Number 3:20-bk-05440. The Debtors' service address is: 1400 Dowell Springs Boulevard, Suite 350, Knoxville, TN 37909-2447.

4813-5873-7914.3

I. **RaySearch Proofs of Claim**

3. On March 5, 2021, RaySearch timely filed the following proofs of claim against the following Debtors in the amounts listed below:

| Proof of Claim Number | Debtor | Amount |
|---|---|---|
| 49 | The Proton Therapy Center, LLC | $1,194,925.53 |
| 50 | MTPC, LLC | $167,472.57 |
| 53 | PCPT Hamlin, LLC | $1,064,768.00 |

II. **Bid Procedures, Sale of Debtors' Assets and Proposed Cure Amounts**

4. On August 27, 2021, the Bankruptcy Court entered the *Expedited Order (A) Approving Bid Procedures for Sale of Substantially All of the Debtors' Assets, (B) Scheduling Auction For And Hearing To Approve Sale Of Substantially All of The Debtors' Assets, (C) Approving Form And Manner Of Notice Of Sale, Auction, And Sale Hearing, (D) Approving Assumption And Assignment Procedures, And (E) Granting Related Relief* (the "Bid Procedures Order") [Docket No. 675]. Pursuant to the Bid Procedures Order, on August 27, 2021, the Debtors served on the Cure Notice, which sets forth the proposed cure amounts in connection with the potential assumption and assignment of certain unexpired leases and executory contracts to the successful bidder for the Debtors' assets.

5. With respect to RaySearch, the Cure Notice set forth the following contracts that are subject to potential assumption and assignment and the proposed cure amounts:

| Debtor | Contract | Proposed Cure Amount |
|---|---|---|
| MTPC, LLC | Vendor Agreement dated September 29, 2017 | $167,472.57 |
| PCPT Hamlin, LLC | Vendor Agreement dated October 24, 2019 | $1,064,768.00 |

*See* Cure Notice, at pp. 1, 5.

**OBJECTION**

6. Section 365 of the Bankruptcy Code generally permits a debtor to assume or to reject an executory contract in the debtor's discretion. However, in order to assume an executory contract, the Debtor must (i) cure (or provide adequate assurance that they will promptly cure) all defaults that exist as of the Petition Date; (ii) compensate, or provide adequate assurance that they will compensate, the counterparty to the executory contract for any pecuniary loss arising from such defaults; and (iii) provide adequate assurance of future performance under the contract. 11 U.S.C. § 365.

**B.** **Cure Amounts Includes Outstanding Post-petition Amounts Owed**

7. Here, in the Cure Notice the Debtors listed the following Proposed Cure Amounts for the following agreements:

| Debtor | Contract | Proposed Cure Amount |
|---|---|---|
| MTPC, LLC | Vendor Agreement dated September 29, 2017 | $167,472.57 |
| PCPT Hamlin, LLC | Vendor Agreement dated October 24, 2019 | $1,064,768.00 |

8. The proposed cure amounts listed in the Cure Notice appear to have been taken from the proofs of claim that were filed by RaySearch, which only listed the amounts owed to RaySearch as of the Petition Date. However, in order to assume a contract, the debtor must cure all defaults at the time of assumption, which includes post-petition amounts owed on such contract. *See* 11 U.S.C. § 365(b)(1). In the chart below, the column titled "Revised Proposed Cure Amount" reflects all prepetition amounts and post-petition amounts owed on the listed contract. Since the agreements provided that RaySearch would provide services for a set

3

4813-5873-7914.3

amount of time. RaySearch prorated the post-petition amounts owed up to October 6, 2021, which is the current scheduled date of the sale hearing.[2]

| **Debtor** | **Contract** | **Revised Proposed Cure Amount** |
|---|---|---|
| MTPC, LLC | Vendor Agreement dated September 29, 2017 | $199,644.35 |
| PCPT Hamlin, LLC | Vendor Agreement dated October 24, 2019 | $1,123,021.42 |

9. Further, RaySearch files this Objection to note that the Cure Notice failed to list that certain Vendor Agreement between The Proton Therapy Center, LLC and RaySearch, dated August 14, 2013. The cure amount for such agreement is $1,253,178.95.

**C. RaySearch Agreements Are Governed By Section 365(c) and Cannot be Assumed Absent Consent of RaySearch**

10. RaySearch is a medical technology company that develops software used in radiation therapy of cancer and the agreements that RaySearch has with each of the Debtors is for both hardware and the license of intellectual property through a licensing agreement. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract . . . of the debtor . . . if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor . . . whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

11 U.S.C. § 365(c).

---

[2] RaySearch reserves the right to further amend this Objection for any reason, including, without limitation, any amendment required to be made because the sale date is further extended, assumption of the contract occurs after October 6, 2021 or additional obligations under the contract become due.

4

4813-5873-7914.3

Case 3:20-bk-05438   Doc 711   Filed 09/21/21   Entered 09/21/21 13:34:59   Desc Main
Document    Page 4 of 7

11. Federal law makes non-exclusive copyright licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.,* 165 F.3d 747 (9th Cir. 1999), cert. dismissed, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and nonassignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.,* 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

12. The RaySearch agreements are, or pertain to, non-exclusive licenses of copyrighted software. Therefore, pursuant to Bankruptcy Code section 365, the Debtors may not assume and assign any RaySearch agreement without RaySearch's consent. At this time the ultimate purchaser of the assets is not known. For the reasons discussed herein, RaySearch does not consent to any proposed assumption and assignment at this time and reserves the right to file an objection to any further sale that seeks the unauthorized transfer of RaySearch contracts. Further, the payment of the correct cure amounts in connection with any of the RaySearch agreement should not be taken as consent by RaySearch to any proposed assumption and assignment of such agreements.

## RESERVATION OF RIGHTS

13. RaySearch expressly reserves all of its rights to supplement, modify or amend this Objection and make such other and further objections to the Cure Notice or any assumption

and assignment of any contract between RaySearch and the Debtors until such time as a final order is entered approving the cure cost with respect to such contracts.  Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action and defenses that RaySearch has asserted, or may assert, with respect to any of proofs of claim against the Debtors.  In addition, nothing set forth herein shall be construed as a waiver, release, discharge or disallowance of any and all administrative claims of RaySearch against the Debtors.

## CONCLUSION

WHEREFORE, RaySearch respectfully requests that this Court enter an order granting such other and further relief as this Court deems just and proper.

Dated: September 21, 2021

**GLANKLER BROWN, PLLC**

By: /s/ Michael P. Coury
Michael P. Coury
6000 Poplar Avenue
Suite 400
Memphis, TN 38119
Telephone: (901) 576-1886
Facsimile: (901) 525-2389
mcoury@glankler.com

-and-

**NIXON PEABODY LLP**
Victor Milione
53 State Street
Boston, MA 02109
Telephone: (617) 345-1000
Facsimile: (617) 345-1300
vmilione@nixonpeabody.com

-and-

Christopher J. Fong
55 West 46th Street
New York, NY 10036

6

4813-5873-7914.3

Telephone: (212) 940-3000
Facsimile: (212) 940-3111
cfong@nixonpeabody.com

*Co-Counsel to RaySearch Americas, Inc.*

CERTIFICATE OF SERVICE

    I hereby certify that on September 21, 2021, I caused a true and correct copy of the foregoing document to be served electronically by the Electronic Filing System for the United States Bankruptcy Court for the Middle District of Tennessee on all the parties registered to receive CM/ECF notice in these Chapter 11 Cases.

*/s/ Michael P. Coury*
Michael P. Coury

7

4813-5873-7914.3

Case 3:20-bk-05438    Doc 711    Filed 09/21/21    Entered 09/21/21 13:34:59    Desc Main Document    Page 7 of 7