## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MTPC, LLC, | Case No. 3:20-bk-05438 (RSM) |
| THE PROTON THERAPY CENTER, LLC, | |
| PCPT HAMLIN, LLC, | |
| | Judge Randal S. Mashburn |
| Debtors. | (Jointly Administered) [1] |

### ORDER CONFIRMING FIRST AMENDED CHAPTER 11 PLAN FOR THE PROTON THERAPY CENTER, LLC, CASE NO. 20-05439

The Debtor[2] having:

(a)     commenced its Chapter 11 Case on the Petition Date;

(b)     continued to operate its business and manage its property as debtor-in-possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code;

(c)     on November 21, 2022, filed the *Motion for Expedited Hearing on Debtor's Motion for Entry of an Order: (I) Conditionally Approving Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan; (III) Approving Certain Forms and Notices; (IV) Scheduling a Combined Disclosure Statement and Confirmation Hearing; and (V) Granting Related Relief* [Docket No. 1355] ("Solicitation Procedures Motion");

(d)     on December 9, 2022, filed the *First Amended Chapter 11 Plan for The Proton Therapy Center, LLC, Case No. 20-05439* [Docket No. 1381] (as amended, modified, and revised, the "Plan");

---

[1]     The jointly administered respective case numbers in these Chapter 11 cases include: MTPC, LLC ("**MTPC**"), Case Number 3:20-bk-05438; The Proton Therapy Center, LLC ("**PCPTK**"), Case Number 3:20-bk-05439; PCPT Hamlin, LLC ("**PCPT Hamlin**"), Case Number 3:20-bk-05440. The Debtor's service address is: 1400 Dowell Springs Boulevard, Suite 350, Knoxville, TN 37909-2447.

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan, as defined herein.

1

(e)      on December 9, 2022, filed the *Disclosure Statement for the First Amended Chapter 11 Plan for The Proton Therapy Center, LLC, Case No. 20-05439* [Docket No. 1382] (the "<u>Disclosure Statement</u>");

(f)      on December 28, 2022, filed the solicitation version of the Plan [Docket No. 1426];

(g)      on December 28, 2022, filed the solicitation version of the Disclosure Statement [Docket No. 1427];

(h)      caused (i) the Solicitation Packages (as defined in the Disclosure Statement) to be distributed to holders of Claims entitled to vote on the Plan and (ii) the notices and opt-out forms described in the Solicitation Procedures Motion to be distributed to holders of Claims and Interests not entitled to vote on the Plan, in accordance with the Disclosure Statement Order, as evidenced by the *Certificate of Services* [Docket Nos. 1437, 1460, and 1470] (the "<u>Solicitation Certificates of Service</u>") filed on January 5, 15, and 23, 2023, respectively;

(i)      on January 20, 2023, filed the Plan Supplement [Docket No. 1465];

(j)      on January 29, 2023, filed the *Declaration of James Sean McGuire on Behalf of Stretto Regarding Solicitation of Votes and Tabulation of Ballots Accepting and Rejecting Proposed First Amended Chapter 11 Plan for The Proton Therapy Center, LLC,20-05439* [Docket No. 1495] (the "<u>Voting Report</u>").

The Bankruptcy Court having:

(a)      on December 28, 2022, entered the Disclosure Statement Order at Docket No. 1425 approving the Disclosure Statement;

(b)      set January 27, 2023, at 5:00 p.m. (Central Time) as the deadline for filing objections to Confirmation of the Plan (the "<u>Objection Deadline</u>");

(c)      set January 27, 2023, at 5:00 p.m. (Central Time) as the deadline for voting on the Plan;

(d)      set January 31, 2023, as the date for the commencement of the confirmation hearing (as continued from time to time, the "<u>Confirmation Hearing</u>");

(e)      reviewed the Plan, the Disclosure Statement, the Voting Report, and all pleadings, exhibits, declarations, affidavits, statements, responses and comments regarding the Confirmation of the Plan, including all objections, statements, and reservations of rights filed by parties-in-interest on the docket of this Chapter 11 Case;

(f)      held the Confirmation Hearing commencing on January 31, 2023;

(g)      heard the statements and arguments made by counsel regarding Confirmation of the Plan;

DM_US 192604782-5.114791.0011

(h)     considered all oral representations, live testimony, written direct testimony, exhibits, documents, filings and other evidence presented at the Confirmation Hearing;

(i)      approved the Modifications by this order, with findings of fact and conclusions of law detailed herein, so that the Plan considered for confirmation at the Confirmation Hearing is the Plan inclusive of the Modifications, as set forth in the Plan attached as **Exhibit A**;

(j)      made rulings on the record at the Confirmation Hearing; and

(k)     overruled on the merits all unresolved objections, reservations of rights, and other statements opposing Confirmation of the Plan, except as otherwise stated or indicated on the record.

NOW, THEREFORE, IT IS HEREBY FOUND AND CONCLUDED THAT:

A.      Findings of Fact and Conclusions of Law.  The findings and conclusions set forth in this Confirmation Order constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any findings of fact constitute conclusions of law, or any conclusions of law constitute findings of fact, they are adopted as such.

B.      Jurisdiction and Venue.  The Debtor is and was qualified to be a debtor under section 109 of the Bankruptcy Code.  Venue in the Middle District of Tennessee was proper as of the Petition Date and continues to be proper.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2).  The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

C.      Voting Report.  Prior to the Confirmation Hearing, the Claims and Balloting Agent filed the Voting Report.  All procedures used to distribute solicitation materials to the applicable holders of Claims and Interests and to tabulate the Ballots, were fair and conducted in accordance

3

with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations.  Pursuant to sections 1124, 1126 and 1129(a)(10) of the Bankruptcy Code, at least one Impaired Class entitled to vote on the Plan has voted to accept the Plan.

D.      <u>Judicial Notice</u>.  The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Case maintained by the clerk of the Bankruptcy Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case (including the Confirmation Hearing). Resolutions of any objections to Confirmation addressed on the record at the Confirmation Hearing are hereby incorporated by reference.

E.      <u>Notice</u>.  Except as otherwise supplemented herein, as evidenced by the Solicitation Certificates of Service, and the Voting Report, due, adequate, and sufficient notice of the Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Hearing, and the release and exculpation provisions set forth in Article VI of the Plan, along with all deadlines for voting on or objecting to the Plan, has been given to (a) all known holders of Claims and Interests, (b) parties that requested notice in accordance with Bankruptcy Rule 2002, (c) all parties to unexpired leases and Executory Contracts and (d) all taxing authorities listed on the Schedules or in the claims register, in compliance with the Disclosure Statement Order and Bankruptcy Rules 2002, 3017, 3019, and 3020(b), and such transmittal and service were appropriate, adequate, and sufficient.  Adequate and sufficient notice of the Confirmation Hearing and other dates, deadlines, and hearings described in the Disclosure Statement Order was given in compliance with the Bankruptcy Rules and such order, and no other or further notice is or shall be required.

4

F.     <u>Solicitation</u>.  Votes for acceptance and rejection of the Plan were solicited in good faith and complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017, 3018, and 3019, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws, and regulations.  The Debtor and (a) Mark Andrews, as Chief Restructuring Officer, and Trinity River Advisors, LLC; and (b) the Professionals retained by the Debtor in the Chapter 11 Case, and their respective employees, agents, attorneys, accountants, consultants, representatives, and other professionals, each in his/her capacity as such, have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Disclosure Statement Order and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

G.     <u>Burden of Proof</u>.  The Debtor, as proponent of the Plan, has satisfied its burden of proving the applicable elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation of the Plan.

H.     The Plan complies with all requirements of section 1129 of the Bankruptcy Code as follows:

1.     <u>Proper Classification</u>.  Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Plan designates Classes of Claims and Interests, other than Administrative Claims and Priority Tax Claims, which are not required to be classified.  As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class.

2.     <u>Specification of Unimpaired Classes</u>.  Pursuant to section 1123(a)(2) of the Bankruptcy Code, Article II of the Plan specifies all Classes of Claims and Interests that are not Impaired.

3.     <u>Specification and Treatment of Impaired Classes</u>.  Pursuant to section 1123(a)(3) of the Bankruptcy Code, Article III of the Plan specifies the treatment of all Classes of Claims and Interests that are Impaired.

5

4.      No Unfair Discrimination.  Pursuant to section 1123(a)(4) of the Bankruptcy Code, Article III of the Plan provides the same treatment for each Claim or Interest within a particular Class, as the case may be, unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest, as applicable.

5.      Plan Implementation.  Pursuant to section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate and proper means for the Plan's implementation. Immediately upon the Effective Date, sufficient Cash and other consideration provided under the Plan will be available to make all payments required to be made on the Effective Date pursuant to the terms of the Plan.  Moreover, Article V and various other provisions of the Plan specifically provide adequate means for the Plan's implementation.

6.      Nonvoting Equity Securities.   In accordance with section 1123(a)(6) of the Bankruptcy Code, there are no nonvoting equity securities.

7.      Liquidation Trustee and GUC Liquidation Trustee.  To the extent that section 1123(a)(7) of the Bankruptcy Code applies to the selection of the Liquidation Trustee and the GUC Liquidation Trustee, the selection of the Liquidation Trustee and GUC Liquidation Trustee is consistent with the interests of holders of Claims and Interests and public policy.

8.      Impairment/Unimpairment of Classes of Claims and Interests.  Pursuant to section 1123(b)(1) of the Bankruptcy Code: (a) Class 1 Other Priority Claims and Class 2 Secured Tax Claims are Unimpaired under the Plan; and (b) Class 3 Secured Lender Prepetition Claim; Class 5 GUC Settlement Claims; Class 6 Insured Claims; Class 7 Bond Deficiency Claims; Class 8 Non-Settling General Unsecured Claims; Class 9 Insider Claims; Class 10 Intercompany Claims; Class 11 Subordinated Claims; and Class 12 Interests are Impaired under the Plan.

9.      Assumption and Rejection of Executory Contracts and Unexpired Leases.  In accordance with section 1123(b)(2) of the Bankruptcy Code, pursuant to Article VII of the Plan, on the Effective Date, to the extent not previously assumed, assumed and assigned, or rejected, all Executory Contracts shall be deemed rejected by the Debtor in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code.  The Debtor's assumption and assignment of the Executory Contracts and unexpired leases pursuant to the Plan satisfies the requirements of section 365(b) of the Bankruptcy Code and, accordingly, the requirements of section 1123(b)(2) of the Bankruptcy Code.  The Debtor has exercised reasonable business judgment in determining whether to reject, assume, or assume and assign each of its Executory Contracts under the terms of the Plan. Each pre- or post-Confirmation rejection, assumption, or assumption and assignment of an Executory Contract pursuant to Article VII of the Plan will be legal, valid and binding upon the Debtor and all other parties to such Executory Contract, all to the same extent as if such rejection, assumption, or assumption and assignment had been effectuated pursuant to an appropriate order of the Bankruptcy

6

Court entered before the Effective Date under section 365 of the Bankruptcy Code. Notwithstanding the foregoing, the D&O Insurance Policies are not rejected Executory Contracts.

10. <u>Settlement of Claims and Causes of Action</u>. All of the settlements and compromises pursuant to and in connection with the Plan or incorporated by reference into the Plan, including, but not limited to, the settlement with the Committee, comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019. Pursuant to Bankruptcy Rule 9019 and in consideration for the Distributions and other benefits provided under the Plan, any and all compromise and settlement provisions of the Plan constitute good-faith compromises, are in the best interests of the Debtor, the Debtor's Estate, and all holders of Claims and Interests, and are fair, equitable, and reasonable.

11. <u>Other Appropriate Provisions</u>. The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including without limitation, provisions for (a) Distributions to holders of Claims and Interests, (b) objections to Claims, (c) procedures for resolving Disputed Claims, and (d) the settlement, release, injunction, and exculpation provision in Article VI of the Plan.

I. <u>Section 1129(a)(2) – Compliance of the Debtor with Applicable Provisions of the Bankruptcy Code</u>. The Debtor, as proponent of the Plan, has complied with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the Bankruptcy Code, including, without limitation, sections 1123, 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018, and 3019. In particular, the Debtor is a proper debtor under section 109 of the Bankruptcy Code and proper proponent of the Plan under section 1121(a) of the Bankruptcy Code. Furthermore, the solicitation of acceptances or rejections of the Plan was (a) pursuant to the Disclosure Statement Order; (b) in compliance with all applicable laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation; and (c) solicited after disclosure to holders of Claims or Interests of adequate information as defined in section 1125(a) of the Bankruptcy Code. Accordingly, the Debtor and (a) Mark Andrews, as Chief Restructuring Officer, and Trinity River Advisors, LLC; and (b) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, and their respective employees, agents,

7

attorneys, accountants, consultants, representatives, and other professionals, each in his/her capacity as such, have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Disclosure Statement Order and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

J.        <u>Section 1129(a)(3) – Proposal of Plan in Good Faith</u>.  The Debtor has proposed the Plan in good faith and not by any means forbidden by law.  In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Debtor's Chapter 11 Case, the Plan itself, and the process leading to its formulation.  The Debtor's Chapter 11 Case was filed, and the Plan was proposed, with the legitimate purpose of allowing the Debtor to wind up its Estate.

K.        <u>Section 1129(a)(4) – Bankruptcy Court Approval of Certain Payments as Reasonable</u>.  Pursuant to section 1129(a)(4) of the Bankruptcy Code, the payments to be made for services or for costs in connection with the Debtor's Chapter 11 Case or the Plan are approved as set forth in the Plan.  The fees and expenses incurred by Professionals retained by the Debtor or the Committee shall be payable according to the orders approving such Professionals' retentions, other applicable Bankruptcy Court orders, or as otherwise provided in the Plan.

L.        <u>Section 1129(a)(5) – Disclosure of Identity of Proposed Management, Compensation of Insiders, and Consistency of Management Proposals with the Interests of Creditors and Public Policy</u>.  Pursuant to section 1129(a)(5) of the Bankruptcy Code, (a) information concerning the Person proposed to serve as the Liquidation Trustee and GUC Liquidation Trustee, respectively, has been disclosed in the Plan and/or Plan Supplement, and (b) the Liquidation Trustee's and GUC Liquidation Trustee's proposed compensation has been

8

disclosed in the Plan Supplement, which satisfies the requirements of § 1129(a)(5) of the Bankruptcy Code.

M. <u>Section 1129(a)(6) – No Approval of Rate Changes</u>. Section 1129(a)(6) of the Bankruptcy Code is not applicable, because the Plan does not provide for rate changes by the Debtor.

N. <u>Section 1129(a)(7) – Best Interests of Creditors and Interest Holders</u>. The liquidation analysis included in the evidence related to the Plan that was proffered or adduced at or prior to, or in affidavits in connection with, the Confirmation Hearing, is reasonable. The methodology used and assumptions made in such liquidation analysis, as supplemented by the evidence proffered or adduced at or prior to, or in affidavits filed in connection with, the Confirmation Hearing, are reasonable. With respect to each Impaired Class, each holder of an Allowed Claim or Interest in such Class has accepted the Plan or will receive under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code.

O. <u>Section 1129(a)(8) – Conclusive Presumption of Rejection by Certain Impaired Classes; Acceptance of the Plan by Each Impaired Class</u>. At least one Impaired Class that was entitled to vote has voted to accept the Plan. Because the Plan provides that certain Classes of Claims and Interests will be Impaired and no Distributions shall be made to holders in such Classes, such holders are deemed conclusively to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code and, therefore, are not entitled to vote to accept or reject the Plan. The Plan is confirmable nonetheless, because it satisfies sections 1129(a)(1) and 1129(b) of the Bankruptcy Code, as found below and on the record at the Confirmation Hearing.

9

P.    Section 1129(a)(9) – Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.  The treatment of Administrative Claims, Other Priority Claims, and Priority Tax Claims under Article II and Article III of the Plan, as applicable, satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

Q.    Section 1129(a)(10) – Acceptance by at Least One Impaired Class.  As set forth in the Voting Report, at least one of the Impaired Classes has voted to accept the Plan.  Accordingly, section 1129(a)(10) of the Bankruptcy Code is satisfied.

R.    Section 1129(a)(11) – Feasibility of the Plan.  The Plan satisfies section 1129(a)(11) of the Bankruptcy Code.  Based upon the evidence proffered or adduced at, or prior to, or in affidavits filed in connection with, the Confirmation Hearing, the Plan is feasible and Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, except as such liquidation is proposed in the Plan.  Furthermore, the Debtor will have adequate assets to satisfy its obligations under the Plan.

S.    Section 1129(a)(12) – Payment of Bankruptcy Fees.  Sections 2.02(c) and 10.6 of the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930(a) in accordance with section 1129(a)(12) of the Bankruptcy Code.

T.    Section 1129(a)(13) – No Retiree Benefits.  Section 1129(a)(13) of the Bankruptcy Code is not applicable, because the Debtor has no retiree benefit plans.

U.    Section 1129(a)(14) – Domestic Support Obligations.  The Debtor is not required by any judicial or administrative order, or by statute, to pay any domestic support obligations, and therefore, section 1129(a)(14) of the Bankruptcy Code is not applicable.

DM_US 192604782-5.114791.0011

V.     <u>Section 1129(a)(15) – The Debtor Is Not an Individual</u>.  The Debtor is not an individual, and therefore, section 1129(a)(15) of the Bankruptcy Code is not applicable.

W.     <u>Section 1129(a)(16) – No Applicable Nonbankruptcy Law Regarding Transfers</u>. The Debtor is not a corporation or trust and therefore section 1129(a)(16) of the Bankruptcy Code is not applicable.

X.     <u>Section 1129(b) – Confirmation of Plan Over Rejection of Impaired Classes</u>.  The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code with respect to the Classes presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. The Plan does not discriminate unfairly with respect to holders of Claims and Interests in the Classes deemed to reject the Plan because such holders are receiving the same treatment as holders of similarly situated Claims and Interests against the Debtor.  The Plan also is fair and equitable with respect to each Class deemed to reject the Plan because (a) it does not provide a recovery on account of any Claim or Interest that is junior in priority to the Impaired, non-accepting Classes of Claims and Interests and (b) no holder of a Claim or Interest in any Class will receive or retain property under the Plan that has a value greater than 100% of such holder's Allowed Claim or Interest.

Y.     <u>Section 1129(c) – Confirmation of Only One Plan with Respect to the Debtor</u>.  The Plan is the only plan that has been filed in this Chapter 11 Case with respect to the Debtor. Accordingly, the Plan satisfies the requirements of section 1129(c) of the Bankruptcy Code.

Z.     <u>Section 1129(d) – Principal Purpose Not Avoidance of Taxes or Securities Act of 1933</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

11

AA.   <u>Section 1129(e) – Not a Small Business Case</u>.  Section 1129(e) is inapplicable because this Chapter 11 Case does not qualify as a small business case thereunder.

BB.   <u>Releases, Injunction, and Exculpation</u>.  The releases of Claims and Causes of Action described in Article VI of the Plan, including (a) releases by the Debtor; (b) consensual releases of the Released Parties by the Releasing Parties; and (c) exculpation of the Exculpated Parties constitute good faith compromises and settlements of the matters covered thereby.  Such compromises and settlements are made in exchange for consideration and are in the best interests of holders of Claims and Interests, are fair, equitable, reasonable, and are integral elements of the resolution of the Debtor's Chapter 11 Case in accordance with the Plan.  Each of the release, injunction, and exculpation provisions set forth in the Plan:  (1) is within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (2) is an essential means of implementing the Plan pursuant to section 1123(a)(6) of the Bankruptcy Code; (3) is an integral element of the transactions incorporated into the Plan; (4) confers material benefit on, and is in the best interests of, the Debtor, its Estate, and its creditors; (5) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties in interest in the Debtor's Chapter 11 Case; (6) is consistent with sections 105, 1123, 1129, and all other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any other applicable bankruptcy or non-bankruptcy law; and (7) given and made after due notice and opportunity for hearing.

CC.   <u>Confirmation Hearing Exhibits</u>.  The exhibits presented at the Confirmation Hearing that were received into evidence are part of the record before the Bankruptcy Court.

DD.   <u>Objections to Confirmation of the Plan</u>.  Any and all objections to Confirmation have been withdrawn, settled, overruled, or otherwise resolved.

EE.  Retention of Jurisdiction.  The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section 10.01 of the Plan and section 1142 of the Bankruptcy Code.

FF.  Plan Supplement.  The Debtor filed the Plan Supplement on January 20, 2023.  All documents included therein, including any supplementation or modifications thereto, comply with the terms of the Plan; and the filing and notice of such documents was adequate, proper and in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

GG.  Modifications to the Plan.  Pursuant to section 1127 of the Bankruptcy Code, the modifications addressed at the Confirmation Hearing and any other modifications to the Plan described or set forth in this Confirmation Order constitute technical changes, changes with respect to particular Claims by agreement with holders of such Claims, or modifications that do not otherwise materially and adversely affect or change the treatment of any other Claim or Interest. Notice of these modifications was adequate and appropriate under the facts and circumstances of this Chapter 11 Case.  In accordance with Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of votes under section 1126 of the Bankruptcy Code and do not require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Accordingly, the Plan, as modified, is properly before the Bankruptcy Court, and all votes cast with respect to the Plan prior to such modifications shall be binding and shall apply to the Plan.

HH.  Order Binding on All Parties.  Notwithstanding Bankruptcy Rules 3020(e) or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan and this Order shall be immediately binding upon, and inure to the benefit of: (a) the Plan Proponent; (b) the Liquidation Trust; (c) the GUC Liquidation Trust; (d) any and all holders of Claims (irrespective

DM_US 192604782-5.114791.0011

of whether such Claims are impaired under the Plan or whether the holders of such Claims accepted, rejected or are deemed to have accepted, or rejected the Plan); (e) any other person giving, acquiring, or receiving property under the Plan; (f) any and all non-Debtor parties to Executory Contracts with any the Debtor; and (g) the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors, or assigns, if any, of any of the foregoing. On the Effective Date, all settlements, compromises, releases, waivers, discharges, exculpations, and injunctions set forth in the Plan shall be effective and binding on all Persons.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      The Plan (including the Plan Supplement and all transactions contemplated in the Plan) is confirmed pursuant to section 1129 of the Bankruptcy Code.

2.      <u>Plan Supplement and Related Documents</u>.  The documents contained in the Plan Supplement, (as subsequently supplemented or amended) and the exhibits to the Plan are integral to the Plan and are approved by the Bankruptcy Court, and the Debtor, the Liquidation Trustee, and the GUC Liquidation Trustee are authorized to take all actions required or appropriate under the Plan, and the Plan Supplement documents to effectuate the Plan.

3.      The terms of the Plan, the Plan Supplement, and any exhibits thereto are incorporated herein by reference, and are an integral part of this Confirmation Order.  The terms of the Plan, the Plan Supplement, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date (unless different date(s) is/are specified in the applicable foregoing documents, in which case the applicable terms shall be effective and binding on such date(s)).  The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, the exhibits thereto, or any related

14

document in this Confirmation Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

4.　　The compromises and settlements set forth in the Plan (including exhibits thereto) are approved and will be effective immediately and binding on all parties in interest on the Effective Date (unless different date(s) is/are specified in the applicable foregoing documents, in which case the applicable terms shall be effective and binding on such date(s)).

5.　　<u>Releases by the Debtor</u>.　The following releases by the Debtor in Section 6.04 of the Plan are approved:

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or arising from intentional fraud, gross negligence, or willful misconduct, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtor and the Estate from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Debtor or the Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Plan Supplement, the Disclosure Statement, the Sale Order, the Purchase Agreement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtor taking place on or before the Effective Date; <u>provided</u>, <u>however</u>, that the foregoing release shall not prohibit the Debtor, the Liquidation Trust, the Liquidation Trustee, the GUC Liquidation Trust, or the GUC Liquidation Trustee from asserting any and all defenses and counterclaims in respect of any Disputed Claim asserted by any Released Party.

For the avoidance of doubt, except as set specifically forth herein, nothing in this Plan or any related document shall impair any rights with respect to any D&O Claims and all D&O Claims are expressly reserved and preserved.

6.　　<u>Releases by holders of Claims and Interests</u>.　The following releases by holders of Claims and Interests in Section 6.05 of the Plan are approved:

15

As of the Effective Date, except as otherwise provided in the Plan or arising from intentional fraud, gross negligence, or willful misconduct, the Releasing Parties are deemed to have released the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any direct claims held by any of the Releasing Parties against the Released Parties or derivative claims asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that each Releasing Party would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the sale of substantially all of the Debtor's assets, the subject matter of, or the transactions or events giving rise to, any claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Sale Order, the Purchase Agreement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtor taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

7.  <u>Injunctions</u>. The following injunctions set forth in Section 6.06 of the Plan are approved:

(a)  Satisfaction of Claims and Interests. The treatment to be provided for Allowed Claims and Interests shall be in full satisfaction, settlement, and release of each such Claim and Interest.

(b)  Scope of Injunction. Except as otherwise provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that hold a Claim or Interest are permanently enjoined from taking any of the following actions against the Debtor, the Liquidation Trustee, or any Released Party on account of any Claim or Interest: (i) commencing or continuing in any manner any action or other proceeding with respect to a Claim or Interest or based upon a theory which arises out of such holder's Claim or Interest; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order with respect to a Claim or Interest; (iii) creating, perfecting, or enforcing any lien or encumbrance with respect to a Claim or Interest; (iv) asserting a setoff, right of subrogation, or recoupment of any kind with respect to a Claim or Interest, the assets, or other property of the Estate; and (v) commencing or continuing any action that does not comply with or is inconsistent with the Plan. For the avoidance of doubt, nothing in this injunction shall limit the rights of a holder of a Claim to enforce the terms of the Plan.

(c)  Release of Collateral. Except as expressly provided herein, unless a holder of a Secured Claim receives a return of its Collateral in respect of such Claim under the Plan: (i) each holder of (A) an Allowed Secured Claim; and/or (B) an Allowed Claim that is purportedly secured, on the Effective Date shall (1) turn over and release to the Liquidation Trust any and all property

16

that secures or purportedly secures such Claim; and (2) execute such documents and instruments as the Liquidation Trustee requires to evidence such claimant's release of such property; and (ii) on the Effective Date, all claims, rights, title, and interest in such property shall revert to the Liquidation Trust, free and clear of all Claims, including (without limitation) Liens, charges, pledges, encumbrances, and/or security interests of any kind. No Distribution shall be made to or on behalf of any holder of such Claim unless and until such holder executes and delivers to the Liquidation Trustee such release of Liens. Any such holder that fails to execute and deliver such release of Liens within 60 days of any demand thereof shall be deemed to have no further Claim and shall not participate in any Distribution hereunder. Notwithstanding the immediately preceding sentence, a holder of a Disputed Claim shall not be required to execute and deliver such release of Liens until the time such Claim is Allowed or disallowed.

(d) Cause of Action Injunction. On and after the Effective Date, all Persons other than the Liquidation Trustee will be permanently enjoined from commencing or continuing in any manner any action or proceeding (whether directly, indirectly, derivatively, or otherwise) on account of, or respecting any claim, debt, right, or Cause of Action that the Liquidation Trustee retains authority to pursue in accordance with the Plan.

8. <u>Exculpation</u>. The following exculpation of the Exculpated Parties in Section 6.06(e) of the Plan is approved:

Except as otherwise set forth in the Plan, none of the Exculpated Parties shall have or incur any liability to any Person or entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, implementation, confirmation, or consummation of the Plan, the Disclosure Statement, the Sale Order, the Purchase Agreement, or any contract, release, or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the Plan, the administration of the Plan or property to be distributed pursuant to the Plan, the Sale Transaction, and actions taken or omitted to be taken in connection with the Chapter 11 Case or the operations, monitoring, or administration of the Debtor during the Chapter 11 Case (other than for illegal conduct, willful or wanton conduct, or gross negligence, or fraud as determined by a Final Order of a court of competent jurisdiction), and the Liquidation Trustee and GUC Liquidation Trustee shall have no liability for any action taken or omitted to be taken in connection with or related to the winding down and post-confirmation administration of the Estate, except for intentional fraud, gross negligence, or willful misconduct.

9. <u>Liquidation Trustee</u>. The appointment of the Liquidation Trustee, pursuant to the terms of the Plan Supplement, including the Liquidation Trust Agreement, is approved in all respects, and the Liquidation Trustee is authorized to carry out all rights and duties as set forth in the Plan.

DM_US 192604782-5.114791.0011

10.     Vesting of Liquidation Trust Assets.  On the Effective Date, all Liquidation Trust Assets of the Estate and any Liquidation Trust Assets acquired by the Debtor pursuant to the Plan shall vest in the Liquidation Trust, free and clear of all Liens, Claims, charges, or other encumbrances, on behalf of holders of Allowed Class 7 Bond Deficiency Claims and Class 8 Non-Settling General Unsecured Claims; provided, however, that all Class 7 Bond Deficiency Claims and Class 8 Non-Settling General Unsecured Claims reserve their rights to Distributions from the Liquidation Trust Assets in accordance with the Plan and this Confirmation Order.  For the avoidance of doubt, all Causes of Action not expressly released under the Plan shall vest in the Liquidation Trust on the Effective Date.  This Confirmation Order shall constitute a determination that the transfer of the Liquidation Trust Assets to the Liquidation Trust under the Plan is legal, valid, and enforceable.

11.     GUC Liquidation Trustee.  The appointment of Michael E. Collins of Manier & Herod, P.C. as the GUC Liquidation Trustee, pursuant to the terms of the Plan and the GUC Liquidation Trust Agreement included in the Plan Supplement, is approved in all respects effective as of the date of execution of the GUC Liquidation Trust Agreement.  The GUC Liquidation Trustee is authorized to carry out all rights and duties as set forth in the Plan (including as set forth in Section 5.10 of the Plan and the GUC Liquidation Trust Agreement and shall be compensated in accordance with the GUC Liquidation Trust Agreement.

12.     Vesting of GUC Liquidation Trust Assets.  On the Effective Date, all GUC Liquidation Trust Assets shall vest in the GUC Liquidation Trust, free and clear of all Liens, Claims, charges, or other encumbrances, on behalf of holders of Allowed GUC Settlement Claims; provided, however, that all holders of GUC Settlement Claims reserve their rights to Distributions from the GUC Liquidation Trust Assets in accordance with the Plan and this Confirmation Order.

18

This Confirmation Order shall constitute a determination that the transfer of the GUC Liquidation Trust Assets to the GUC Liquidation Trust under the Plan is legal, valid, and enforceable.

13.     <u>Dissolution of the Committee</u>.   On the Effective Date, the Committee shall be deemed dissolved with respect to the Debtor (but not as to Debtors MTPC or PCPT Hamlin), the retention and employment of the Committee's Professionals shall be deemed terminated with respect to the Debtor (but not as to Debtors MTPC or PCPT Hamlin), and the current and former Committee Members, professionals, employees, or agents thereof shall be released and discharged from all rights and duties arising from or related to this Chapter 11 Case, except for purposes of filing and/or objecting to final fee applications filed in this Chapter 11 Case and to the extent necessary to prosecute any appeals or other matters with respect to which they have been granted standing.   This Debtor shall not be responsible for paying any fees or expenses incurred by Committee Members or Committee professionals and advisors after the Effective Date of this Plan.

14.     <u>Executory Contracts and Unexpired Leases</u>.  Entry of this Confirmation Order shall constitute approval of all assumptions and assumptions and assignments of assumed/assigned Executory Contracts and leases and rejections of Executory Contracts and unexpired leases provided for under the Plan pursuant to section 365 of the Bankruptcy Code.  Unless otherwise indicated in the Plan or this Confirmation Order, assumptions, assumptions and assignments of assumed/assigned Executory Contracts and leases, or rejections of Executory Contracts and unexpired leases pursuant to the Plan are effective as of the Effective Date and closing of the Sale Transaction without the need for any further action or consents that may otherwise be required under applicable non-bankruptcy law.  Any motions to assume Executory Contracts or unexpired leases pending on the Effective Date shall be subject to approval by a Final Order of the Bankruptcy Court on or after the Effective Date, the entry of which shall result in such assumptions

DM_US 192604782-5.114791.0011

or rejections becoming effective without the need for any further action that may otherwise be required under applicable non-bankruptcy law. Notwithstanding the foregoing, the D&O Insurance Policies are not rejected Executory Contracts.

15. <u>Implementation of Other Necessary Documents and Agreements</u>. The Debtor, GUC Liquidation Trustee, or the Liquidation Trustee, as applicable, are authorized, without further notice, or action, order or approval of the Bankruptcy Court or any other Person, to execute and deliver all agreements, documents, instruments and certificates relating to such documents and agreements and to perform their obligations thereunder, including, without limitation, to pay all fees, costs and expenses thereunder in accordance with the Plan. The terms and conditions of such documents and agreements are reaffirmed or approved, as applicable, and shall, upon completion of documentation and execution, be valid, binding, and enforceable.

16. <u>No Action Required</u>. Under section 1142(b) of the Bankruptcy Code and applicable non-bankruptcy law, no action of the directors, managers, or members of the Debtor is required to authorize the Debtor to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan and any contract, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan.

17. <u>Enforceability of Plan Documents</u>. Pursuant to Sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan, the Liquidation Trust Agreement, the GUC Liquidation Trust Agreement, and all documents arising under or related to the Plan shall be enforceable notwithstanding any otherwise applicable non-bankruptcy law, and the Debtor, the Liquidation Trustee, and the GUC Liquidation Trustee are entitled to enforce the terms of this Confirmation Order.

DM_US 192604782-5.114791.0011

18.     <u>Released Parties</u>. The parties being released under the Plan are, collectively, and in each case in its capacity as such: (a) the Debtor's current Professionals; (b) the Committee, the Committee Members, and the Committee's Professionals; and (c) the Secured Lender and the Bondholders and their respective predecessors, successors, assigns, agents, principals, officers, directors, managers, members, employees, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals; <u>provided</u> <u>that</u>, for the avoidance of doubt, each of the Debtor's current and former affiliates, subsidiaries, and any other related parties, and the current and former directors, officers, managers, and members of the Debtor and/or its current and former affiliates, subsidiaries, and any other related parties are not Released Parties for purposes of the Plan.

19.     <u>Releasing Parties</u>. The parties giving releases under the Plan are, collectively, and in each case in its capacity as such: (a) any party-in-interest that does not elect to opt out of the release by checking the box on its timely submitted Non-Voting Release Opt-Out Form; (b) all holders of Claims and Interests who vote to accept the Plan and do not elect on their Ballot to opt out of the third-party release contained in Section 6.05 of the Plan by checking the box on its timely submitted Ballot; and (c) with respect to each of the foregoing entities in clauses (a) through (c), such entity's current and former managed and controlled affiliates, and such entity's and its affiliates' subsidiaries, officers, directors, managers, principals, members, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

20.     <u>Pre-Confirmation Fees</u>:  The Debtor shall pay, on or prior to the Effective Date of the Plan, all quarterly fees accrued and owing under section 1930 of Title 28 during the pendency of the Chapter 11 Case.

DM_US 192604782-5.114791.0011

21.     <u>Post-Confirmation Fees and Reports</u>:  The Debtor shall be responsible for and shall pay all fees incurred pursuant to section 1930 of Title 28 of the United States Code on account of the transfer of GUC Liquidation Trust Assets and Liquidation Trust Assets to the GUC Liquidation Trust and the Liquidation Trust, respectively.  Following payment of fees on the transfer of GUC Liquidation Trust Assets and Liquidation Trust Assets, the GUC Liquidation Trust and Liquidation Trust, no further payments will be owed by the GUC Liquidation Trust and Liquidation Trust to the U.S. Trustee.  The GUC Liquidation Trust and Liquidation Trust may prepare and file post-confirmation quarterly reports, but shall not be required to do so unless requested by the U.S. Trustee.

22.     <u>Notice of Confirmation, Effective Date, and Administrative Expense Claims Bar Date</u>.  The Debtor shall cause to be served a notice of the entry of this Confirmation Order, the Effective Date, and the Supplemental Administrative Claims Bar Date, substantially in the form attached hereto as <u>Exhibit B</u> (the "<u>Confirmation Notice</u>"), upon (a) all parties listed in the creditor matrix maintained by the Claims and Balloting Agent, (b) all taxing authorities, and (c) such additional persons and entities as deemed appropriate by the Debtor, no later than five business days after the Confirmation Date.

23.     <u>No Stay of Confirmation Order</u>.  Notwithstanding Bankruptcy Rule 3020(e), the terms and conditions of this Confirmation Order will be effective and enforceable immediately upon its entry.

### END OF ORDER ###

Approved for entry:
**WALLER LANSDEN DORTCH & DAVIS, LLP**

/s/ David E. Lemke
David E. Lemke (Tenn. Bar No. 013586)
Tyler N. Layne (Tenn. Bar No. 033401)
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Tel: 615.244.6380
Fax: 615.244.6804
David.Lemke@wallerlaw.com
Tyler.Layne@wallerlaw.com

-and-

**MCDERMOTT WILL & EMERY LLP**

/s/ Jack G. Haake
Marcus A. Helt (Admitted *Pro Hac Vice*)
Jack G. Haake (Admitted *Pro Hac Vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel: (214) 210-2821
Fax: (972) 528-5765
mhelt@mwe.com
jhaake@mwe.com

**COUNSEL FOR THE PROTON
THERAPY, LLC**

DM_US 192604782-5.114791.0011